Leadbeater *v.* Roth.

| 25 | 587 |
| 34a | 531 |
| 25 | 587 |
| 146 | 495 |
| 25 | 587 |
| 47a | 572 |
| 25 | 587 |
| 87a | 166 |

GEORGE H. LEADBEATER, Plaintiff in Error, *v.* JOHN G. ROTH, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

To obtain a dismissal of a suit for want of security for costs because the plaintiff was a non-resident, the affidavit must distinctly negative the fact, that he was a resident when the suit was brought.

An eviction at any time during the term of a lease, by the landlord or a stranger, will discharge a tenant from the payment of rent. So if the landlord, by any act of his, renders the lease unavailing to the tenant.

If the landlord forbid an under-tenant to pay rent, it will be an eviction.

THIS suit was commenced by summons, January 27, 1859, in Cook County Court of Common Pleas, in assumpsit, returnable to February term, 1859.

The declaration contained a single count for use and occupation.

On the second day of the said February term of said court, the defandant filed the following motion to dismiss the suit for want of security for costs:

" And now this day comes the said defendant, by his attorney, etc., and moves the court to dismiss this suit for want of security for costs, according to the statute in such case made and provided, plaintiff being a non-resident."

And to support which motion the defendant filed his own affidavit, as follows:

" George H. Leadbeater, being duly sworn according· to law, says, that the said John George Roth is not a resident of the State of Illinois, but resides in Germany. That this affiant makes this affidavit for the purpose of having this suit dismissed, no security for costs having been filed by the plaintiff before commencing his suit, according to the statute in such case made and provided."

At the May term of said court, the motion to dismiss was called up before GOODRICH, one of the judges of said court.

To sustain his motion, the defendant, by his counsel, read the aforesaid affidavit, and also introduced *A. F. C. Mueller,* the plaintiff's counsel, as a witness, who testified as follows:

" That the said plaintiff is now, and has been for quite a number of months, sojourning in Germany, but that the said plaintiff is a citizen of the United States, and has a large amount of property in the city of Chicago. That the plaintiff is a native of Germany, but came to this country, was naturalized, and resided in the city of Chicago, Illinois, a number of years; that he some time ago went to Germany, and returned again to Chicago, but to gratify his wife, has returned again to Germany; has purchased property in Germany, and now lives on said property in Germany. But witness cannot tell whether he has given up his residence in Chicago. That witness was informed that said plaintiff intends to return and continue his residence in Chicago, by his agent, Mr. Charles Letz."

And no other testimony was offered on the said motion, when the same was submitted to the court.

Whereupon the court overruled the motion to dismiss the suit, and on cross-motion gave permission to the said plaintiff to file security for costs, which was done.

The defendant below renewed his motion to dismiss the suit, as follows:

"And now this day comes the said George H. Leadbeater, by J. W. Waughop, his attorney, and renews the motion herein made to dismiss this suit, because, he says, that the said plaintiff was not a resident of this State at the time he commenced his suit herein, and did not file security for costs in this cause."

To sustain his renewed motion to dismiss, the defendant filed his own affidavit, which was in the words and figures following:

"George H. Leadbeater, of said county, being duly sworn according to law, says, that at the time of the commencement of the above cause, the plaintiff, John George Roth, was not a resident of the State of Illinois. That he had purchased and occupied property in Germany for a long time prior to the commencement of said suit, and still resides abroad, as this affiant is informed and believes."

Whereupon the said court refused to hear the said affidavit read, and overruled said renewed motion to dismiss, and refused to dismiss said suit.

At the December term, the defendant plead to the merits of said suit, by filing the general issue of non-assumpsit, and notice of his special matter of defense.

The said notice states, "that he (defendant) has paid up for all the time he has occupied the said premises.

"That during the whole time for which rent is claimed in this suit, the defendant did not himself occupy the said premises, but occupied his own house.

"That the said plaintiff, by his agent, directly interfered with the use of the said premises by the said defendant, in this, that the said plaintiff forbade the under-tenant of the said defendant in the said premises paying his rent to the said defendant, and told him that he should pay the rent to accrue and then due to the said plaintiff, and not to the said defendant; thereby taking the said premises from the said defendant, and rendered him no longer liable for the rent that should accrue on the said premises, as he did not occupy the said premises himself."

Upon which the plaintiff took issue, and the case stood for trial.

At the September term, A. D. 1860, the cause was tried before VAN H. HIGGINS, Judge, and a jury. The jury found for the plaintiff below, and assessed his damages at $345.

J. W. WAUGHOP, for Plaintiff in Error.

DAVIS & NISSEN, for Defendant in Error.

WALKER, J. The affidavit upon which the motion to dismiss was based, states that defendant in error was not a resident of

this State at the time it was made, but that he was then a resident of Germany. It was sworn to on the 8th day of February, 1859, and the suit had been instituted on the 27th day of the previous January. This affidavit does not negative the fact that he was a resident of this State at the time the suit was brought, nor was this defect in the affidavit aided by the evidence Mueller gave at the trial of the motion, on the eleventh day of the following May. He testified that defendant in error was then sojourning in Germany, and had been for some months, but he had learned from the agent of defendant in error, that he designed to return to and continue his residence in Chicago. This may all be true, and still the defendant have been a resident of Illinois at the commencement of the suit. He may have left after suit was instituted and before the affidavit was made, and as the question of residence is to a great extent one of intention, he may, upon leaving the State, have determined to change his residence from this State to Germany, and if so, the affidavit was true. When Mueller gave his testimony, three and a half months after he left Chicago, which was ample time for plaintiff to become a sojourner of Germany, and for his agent to learn that he intended to return and resume his residence at Chicago. But whilst the evidence fails to show that he was a non-resident of the State on the 27th day of January, still it was sufficient to show that he had, after that time, become a non-resident, and authorized the requiring a bond for costs, under the second section of the statute.

The doctrine is well recognized, that an eviction of the tenant by the landlord or a stranger, at any time during the term, will discharge the tenant from the further payment of rent. Or if the landlord, by any act of his, renders the lease unavailing to the tenant, he is thereby exonerated from the terms and conditions of the lease, and he may abandon it. *Hilligan* v. *Ward*, 21 Ill. 470. Then did the acts of the defendant have that effect? The evidence is clear and indisputable that his agent forbid the under-tenant of plaintiff in error to pay any more rent to his landlord. This, unexplained, would amount to a virtual eviction of the plaintiff in error. By that act, his right to control the premises, to receive rent, and to hold Ayres as his tenant, was denied, and the right of defendant in error was asserted, and left plaintiff in error at liberty to treat the lease as terminated. It seems that he ceased from that time forward in any way to control the premises, and we think the evidence abundantly shows that the tenancy terminated at that time.

Again, this was a verbal lease, by the month. It might, unquestionably, be terminated in the same mode as it was made. It is clear, from the evidence, that plaintiff in error told the

agent of defendant in error that he must look to Ayres for the rent. It also appears that the agent notified Ayres to pay no more rent to plaintiff in error, and that Ayres refused to, and did not afterwards pay rent to plaintiff in error. From these circumstances, it is clear that it was the intention of the parties to terminate the lease at that time, and what they then did was sufficient to have that effect.

Plaintiff in error was liable to pay any rent that might have been due at the time the agent notified Ayres to pay no more rent to plaintiff in error. But upon the evidence contained in this record, he could not be liable for rents which accrued after that time. We are therefore of the opinion that the finding of the jury is manifestly against the evidence, and that the court below should have granted a new trial.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*