## WREFORD *v.* KENRICK.

LANDLORD AND TENANT—EVICTION—TERMINATION OF LEASE—LIABILITY FOR RENT.

Where, under a lease authorizing the lessor to terminate it at his option for nonpayment of rent, the lessor serves a notice to quit, and immediately thereafter excludes the lessee from a portion of the premises, the latter is not liable for the rent of

such part of the premises after his exclusion therefrom, nor
for any rent after vacating the remainder of the premises in
accordance with the notice.

Error to Wayne; Frazer, J.  Submitted December 6,
1895.  Decided December 10, 1895.

*Assumpsit* by William Wreford and another against
Edwin H. Kenrick for rent.  From a judgment in their
favor for less than the amount claimed, plaintiffs bring
error.  Affirmed.

*Oscar M. Springer (D. F. Glidden,* of counsel), for appel-
lants.

*Charles K. Latham* and *Horace H. Rackham,* for appellee.

HOOKER, J.  The uncontradicted evidence shows that
the defendant rented certain premises of the plaintiffs,
the rent being payable monthly in advance.  The rent
due August 1st not being paid when due, two days later
the plaintiffs served upon the defendant a notice to quit,
or pay the advance rent.  The next day an attachment
was taken out for the rent, and levied upon some prop-
erty in the dining room and kitchen of the premises,
and the defendant was excluded therefrom, and a Mrs.
Keel, who owned and had sold to the defendant con-
ditionally most of the personal property, was put in con-
trol, and conducted the business previously carried on
there.  Within seven days after the notice was served,
the defendant vacated the other portions of the prem-
ises.  Upon the trial the plaintiffs claimed the right to
recover rent for the month of August, but the court
directed a verdict in their favor for seven days' rent of
the premises, excepting the dining room and kitchen,
and four days' rent of the remainder, holding their con-
duct to have amounted to an eviction of their tenant,
and that, with such eviction, their right to rent for a
subsequent time ceased.

The record does not contain a copy of the lease, but the charge indicates that it provided for a termination of the lease, at the option of the lessors, for nonpayment of rent, of which provision the lessors availed themselves by a notice to quit, and, after eviction from a portion of the premises, the lessee recognized said right of the lessors by vacating the remainder of the premises within the statutory period, in accordance with the notice. See *Conkling* v. *Tuttle,* 52 Mich. 630. The right to rent ended as to the dining room and kitchen, at least, when the defendant was evicted, and as to the remainder, if not already terminated by eviction from a portion, when the same was vacated. We think that the plaintiffs have no cause to complain of this instruction, which was justified by the uncontradicted testimony, and that it is unnecessary to discuss the numerous assignments of error, which would in no way affect the result.

The judgment is therefore affirmed.

The other Justices concurred.