Silber vs. Larkin and others.

For the appellant there was a brief by *Turner, Bloodgood & Kemper*, attorneys, and *Jackson B. Kemper*, of counsel, and oral argument by *Jackson B. Kemper*.

*Christian Doerfler*, for the respondent.

═══════════

SILBER, Respondent, vs. LARKIN and others, Appellants.

*September 3 — September 22, 1896.*

*Landlord and tenant: Eviction: Destruction of building by public authorities: Improper remarks by trial judge: Immaterial error: Damages.*

1. Any act on the part of a landlord which renders leased premises unfit for the purposes for which they were leased, and compels the abandonment of them, constitutes an eviction and furnishes ground for the recovery of such damages as are the natural and proximate consequences thereof.

2. A landlord who purposely renders a leased building unsafe and uninhabitable, and then procures its condemnation and destruc-

Silber vs. Larkin and others.

tion by the public authorities, cannot shield himself from respon-
sibility to his evicted tenant by pleading such action of the public
authorities.

3. A remark of the trial court on overruling an objection to a ques-
tion asked by appellants' attorney, that "it is a chestnut, but you
may ask it if you want to," is criticised as lacking in dignity, but,
the question being an improper one, is *held* not to have operated
to appellants' prejudice and therefore to furnish no ground for a
reversal.

4. A judgment will not be reversed on the ground that the damages
awarded are excessive, unless they are so large as to indicate
clearly that the jury were influenced by passion or prejudice.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action for damages for an alleged eviction of plaintiff by
Charles H. Larkin, deceased, from a store building occupied
by plaintiff under a lease from said Charles H. Larkin, be-
fore the expiration of the term of such lease. The action
was commenced against the deceased. He died thereafter,
and the cause was duly revived against the defendants as
his personal representatives. He owned buildings surround-
ing the building in question. Desiring to erect a new build-
ing on the premises, for the purpose of preparing such
premises therefor he caused such surrounding buildings to
be torn down. One of such surrounding buildings was con-
nected with that occupied by plaintiff, the lath and plaster
of the building occupied by plaintiff being on one side of the
studding, and the lath and plaster of one of the buildings
so torn down on the other. The water supply for the
leased building was cut off, and finally, at the instigation of
the deceased, after the building was in the condition de-
scribed, such proceedings were had by the public authorities
of the city of Milwaukee, pretending to act by virtue of the
ordinances of such city and the law regulating the subject,
that such leased building was condemned as unsafe, and
ordered torn down by the inspector of public works, pur-
suant to which order such inspector removed plaintiff's

goods to a warehouse in the city of Milwaukee, and tore the building down. Plaintiff received his goods from the warehouse, where they had been stored by the building inspector, eight days after such removal, and conveyed the same to another building in the vicinity, which he had procured for the purposes of his business. The lease had several months to run at the time of the occurrences mentioned. Plaintiff paid increased rent per month for the premises in which he continued his business, as before stated, to the amount of $17.

This action was brought to recover damages which plaintiff claimed to have sustained by reason of the facts stated. The cause was tried by a jury. A special verdict was rendered by which it was found, among other things, that the deceased compelled the plaintiff and his family to vacate the premises, by making the same uninhabitable and unsafe for the use for which they were leased, some time in May, 1893; that plaintiff did not use reasonable diligence to prevent his goods from being damaged by their removal from the premises; that the deceased, Larkin, caused the destruction of the leased building under color of the condemnation thereof before mentioned; and that plaintiff sustained damages by reason of the facts to the amount of $700. The damages consisted of depreciation in the value of the goods by reason of their removal and storage, and the negligent manner of such removal; also, the amount paid for the building used to continue the business in excess of the rent reserved under the lease from Larkin; also, loss of profits of plaintiff's business. No exceptions were taken to the judge's charge. There was a motion for nonsuit, made by defendants' counsel, and denied. There was also a motion to set aside the verdict and for a new trial on the ground that the verdict was contrary to the law and the evidence, which was denied. Exceptions were taken to such rulings and some rulings of the court on the trial.

Judgment was rendered in plaintiff's favor for the damages as found by the jury, and defendants appealed.

For the appellants there was a brief by *Julius E. Roehr*, attorney, and *Howard & Mallory*, of counsel, and oral argument by *Mr. Roehr*.

*Orren T. Williams*, for the respondent, to the point that if a landlord uses his own premises in such a way as to render the demised premises untenantable, it constitutes an eviction, cited 12 Am. & Eng. Ency. of Law, 758*e; Alger v. Kennedy*, 49 Vt. 109; *Franklin v. Brown*, 53 N. Y. Super. Ct. 474; *West Side S. Bank v. Newton*, 57 How. Pr. 152.

MARSHALL, J. The law governing the subject of this action may be briefly stated as follows: An actual expulsion from leased premises is not necessary to constitute an eviction. Any act on the part of the landlord which so interferes with the tenant's possession of the leased premises as to unfit them for the purposes for which they were leased, and render them uninhabitable for such purposes, and compel the abandonment thereof, constitutes an eviction. *Leadbeater v. Roth*, 25 Ill. 587; *Hoeveler v. Fleming & Co.* 91 Pa. St. 322; *Royce v. Guggenheim*, 106 Mass. 201; *Sherman v. Williams*, 113 Mass. 481. Such an eviction furnishes ground for an action for such damages as are the natural and proximate consequences thereof. 7 Am. & Eng. Ency. of Law, 41.

Applying the law thus stated to the undisputed facts and the verdict of the jury, plaintiff was entitled to the judgment appealed from, if such verdict is sustained by the evidence, unless there is some reversible error in the rulings of the court in respect to the admission of evidence or proceedings on the trial. Several errors in this regard are assigned, all of which have been carefully considered, but it does not appear to be necessary to burden this opinion with a discussion of the several exceptions in detail. Suffice it to say

that we are unable to discover any reversible error respecting the rulings of the court on the admission or rejection of evidence.

During the course of the trial, respondent having testified on direct examination that one third of his sales while in the leased building were profits, appellants' attorney asked the following question: "Are you as certain of that as you are as to the value of your stock?" The question was objected to by respondent's attorneys as incompetent and improper. The court overruled the objection, remarking, "It is a chestnut, but you may ask it if you want to." Such remark is assigned as error. Certainly the question was improper, and the remark of the trial judge hardly comports with the dignity which should characterize the place and occasion, but, under the circumstances, the jury must have understood merely that it was the opinion of the learned judge that the question was clearly improper, but that, as an answer could not prejudice the respondent, if appellants' counsel desired to ask it he might do so. We are unable to perceive how the incident could have operated to prejudice the minds of any intelligent jury. Therefore, without approving the occurrence, we must say that it furnishes no ground for a reversal.

It is claimed that, from the fact that the building was torn down by order of the city council of the city of Milwaukee, under the ordinances of such city, no recovery can be had; but this only goes to the question of whether the verdict is sustained by the evidence. The jury found that the deceased, Larkin, purposely rendered the building unsafe and uninhabitable, and that he then procured the destruction of the building under cover of the condemnation proceedings. It needs no citation of authority to sustain the proposition that, under such circumstances, the appellants cannot shield themselves from responsibility for respondent's damages caused by the eviction by pleading the

condemnation proceedings and the action of the public authorities pursuant thereto.

It is further claimed that the verdict is excessive. There is no exception to the judge's charge submitting the question of damages to the jury. Presumably the law in regard to the matter was correctly given. In any event, the judgment could not be reversed as excessive unless it was so large as to indicate clearly that the jury were influenced by passion or prejudice. *Mechelke v. Bramer*, 59 Wis. 57. After a careful consideration of the case under this rule, we cannot say that the recovery is not warranted by the evidence.

*By the Court.*— The judgment is affirmed.