WADE, Appellant, vs. HERNDL, Respondent.

*February 23—March 20, 1906.*

*Landlord and tenant: Constructive eviction: Rents: Instructions to*
*jury: Measure of damages: Evidence.*

1. Where a tenant asserts eviction from the rented premises, actual
   expulsion is not necessary, but any act of the landlord or of any
   one who acts under authority or legal right given him by the

Wade v. Herndl, 127 Wis. 544.

landlord, which so disturbs the tenant's enjoyment of the premises as to render them unfit for occupancy for the purposes for which they are leased, is an eviction, and, whenever eviction takes place, the tenant is released from the obligation under the lease to pay rent accruing thereafter.

2. In an action for rent it appeared, among other things, that plaintiff leased to defendant a room for an art studio, and afterwards leased the room underneath to an automobile company, that the shaking and vibration of the building and her room, caused by the operation of automobiles in the building and under her apartment, prevented her from conducting her vocation and business, and that therefore she was compelled to leave the premises before her lease expired. *Held*, that the defendant was evicted from the rented premises.

3. In such case it further appeared that the shaking and vibration complained of was caused by the testing of the automobiles, which testing was incident to the regular conduct of the automobile company's business and not confined to engines undergoing repairs; that the tenant's room was located over that part of the display room where this testing was done, and that the testing was not unnecessary or unusual. *Held*, that such shaking and vibration was necessarily within the contemplation of the parties when the lease to the automobile company was made.

4. In such case it further appeared that upon the complaint of the tenant the landlord investigated the matters, and, after observing from the tenant's room the effect of the testing of the automobiles, took no steps to prohibit the automobile company from continuing to make the tests. *Held*, that the court did not err in ruling that the acts of those in charge of the automobile business were within the rights granted them by the landlord under their lease, and that it was not error to instruct the jury: "Under the evidence in this case the presumption stands uncontradicted that the automobile company, under their lease, had a right to test their machines, and to do what they did."

5. On an issue as to the damages for breaking a picture belonging to an artist, the measure of damages is the pecuniary loss suffered by the breakage—the diminution in the market value of the article injured,—and hence it is not error to strike out testimony as to the value of the broken picture, as a design, apart from its market value.

6. Where a landlord permits a tenant in his building to conduct business so as to result in the eviction of another tenant, expenses incurred by the tenant in removing from the building, and loss of time in his employment on account of such removal,

are *held* proper elements of recovery resulting from the breach of the landlord's obligation.

7. When a lease exempts the landlord from liability for damage occasioned by the "acts or neglect of cotenants or other occupants," such exemption does not apply to the acts or neglect of cotenants or occupants authorized or committed under any right given by the landlord.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

By a lease executed and delivered on October 14, 1901, plaintiff leased defendant, from that time until May 1, 1903, "in the city of Milwaukee, . . . one large front room, . . . to be occupied for an art studio and for no other purpose whatever," at a rental of $18 per month. Defendant paid the rent up to and including the month of December, 1902. Plaintiff sets up two causes of action, the first being for the unpaid rent for the months of 1903 which is due under the lease, and for a second cause of action plaintiff sets up a contract with defendant for the heating of the room leased from October 1, 1902, to May 1, 1903, for $35. August 1, 1902, the first floor of the building, under defendant's studio, was occupied by an automobile company under a lease from plaintiff. Defendant alleges that she refuses to pay the rent as provided by the lease on account of the shaking and vibration of the building and her room, caused by the operation of automobiles in the building and under her apartment. She claims that she was thereby prevented from conducting her vocation and business as an artist, and through the fault of the plaintiff in leasing to and permitting the automobile company to use part of the building as an automobile livery she was compelled to leave the premises before her lease expired. The heating plant by which plaintiff proposed to supply defendant with heat and which forms the basis for the second ground of action was not completed until November 1, 1902. Defendant claimed that it was insufficient, and she continued to heat her room by a stove. No error is claimed as to this claim on this

appeal.  Defendant alleges that as a result of her eviction, through plaintiff's fault in rendering the room unsuitable for the purposes for which it was leased to her, she has sustained damages for which she counterclaims in this action.  She alleges that the shaking of the building, caused by the conduct of the automobile business below her, broke and completely destroyed a glass Christ head which she had painted and which was valued at $125.  She claims that the expense of moving and installing herself in her new studio amounted to $26, and she also demands compensation in the sum of $30 for the loss of a week's time.  The verdict of the jury disallowed all of the claims of the plaintiff and found for the defendant for the full amount counterclaimed.  Judgment was accordingly entered in defendant's favor for $181 damages and for $57.97 costs.  This is an appeal from such judgment.

For the appellant there was a brief by *Roemer & Aarons,* and oral argument by *C. L. Aarons.*

For the respondent there was a brief by *Nath. Pereles & Sons,* and oral argument by *Clinton G. Price.*

SIEBECKER, J.  The law governing the rights and liabilities of landlord and tenant, in cases wherein the tenant asserts eviction from the premises, is that actual expulsion is not necessary, but that any act of the landlord or of any one who acts under authority or legal right given him by the landlord which so disturbs the tenant's enjoyment of the premises as to render them unfit for occupancy for the purposes for which they are leased, is an eviction, and, whenever it takes place, the tenant is released from the obligation under the lease to pay rent accruing thereafter.  *Halligan v. Wade,* 21 Ill. 470; *Silber v. Larkin,* 94 Wis. 9, 68 N. W. 406; *Pridgeon v. Excelsior Boat Club,* 66 Mich. 326, 33 N. W. 502; 2 Wood, Landl. & T. (2d ed.) § 477.

The jury were instructed that if they found "from the evidence that the vibration or shaking of the building in which

defendant's studio was situated, which were caused by the
conduct of the automobile company, were such that the de-
fendant was thereby prevented from properly carrying on her
work as a glass painter, and her paintings thereby became lia-
ble to be damaged or destroyed, and said premises thereby
made unfit for the purpose of an art studio, so that she had to
abandon the same," then the defendant, as lessee, was evicted
from the premises. Under this instruction the jury found
that she had been evicted. The question then arises: What
party is responsible for the injury thus occasioned to the de-
fendant? The trial court instructed the jury that plaintiff
was responsible, upon the ground that "under the evidence in
this case the presumption stands uncontradicted that the au-
tomobile company, under their lease, had a right to test their
machines and to do what they did, so far as the evidence
shows." This instruction is assailed as not warranted by the
evidence. It is claimed that it is shown that the vibration
and shaking complained of by the defendant as causing her
injury was due to the unusual conduct of those conducting the
automobile business, and it is therefore not attributable to
plaintiff under the authority given by the lease. It appears
that the testing of automobiles caused the trembling com-
plained of. This consisted in running the engines of differ-
ent machines which were stored in the company's show room,
and in starting the engine of any auto car to ascertain whether
it was in proper running order and ready for use. Such test-
ing was an incident to the regular conduct of the business of
the establishment and was not confined to engines undergoing
repairs in the shop. Defendant's room was located over that
part of the display room where this testing was done. There
is nothing to show, and the trial court so held, that this testing
was unnecessary or unusual, but it appeared that under the
circumstances it was a necessary part of the conduct of the
business. It must, therefore, have been within the contem-
plation of the parties when the lease of the premises was

made.    The evidence also discloses that, upon the complaint
of defendant concerning this disturbance in her room, plaint-
iff investigated the matter and, at the request of the parties
conducting the automobile business, came to the defendant's
room to observe the effect of such testing.    He claimed and
asserted that such testing did not interfere with defendant's
use of her room, and he did not thereafter take any steps to
prohibit the company from continuing to make the tests.    Un-
der these facts and circumstances the court did not err in
holding that the acts of those in charge of the automobile busi-
ness were within the rights granted them by plaintiff under
the lease to occupy and use the premises to conduct an auto-
mobile business.    This presumption stands without substan-
tial contradiction in the evidence.    It must follow that the
instructions upon this branch of the case were correct and
that the court properly rejected those requested by the
plaintiff.

It is contended that the court erred in striking out that part
of the defendant's testimony appertaining to the value of the
broken picture to her individually, as a design, apart from
its market value.    The measure of damages is the pecuniary
loss suffered by the breakage, and that would be the diminu-
tion in the market value of the article injured.    The evidence
so stricken out had no bearing on the market value, and the
court properly excluded all such evidence.    The evidence on
the subject tended to show that the picture had no market
value after it was broken, and justified the inference that de-
fendant was damaged in the amount claimed.

Another exception argued is to the allowance of expenses
incurred in removing from the premises.    It is thereby as-
sumed that defendant would have been compelled to incur a
like expense at the expiration of her tenancy, and that she
cannot be deemed to have been damaged by paying it at the
time she did.    This assumption is, however, conjectural, for
it is far from certain that like expenses would have been in-

curred at the expiration of the tenancy. If she had occupied the premises until the expiration of her lease, various contingencies might have arisen whereby these expenses might have been avoided. This element of damages must be held to have resulted from the wrongful eviction. Her loss of time in her employment on account of such removal is likewise a proper element of recovery resulting from the breach of the obligation.

Exemption from liability is asserted by plaintiff under the provision of the lease wherein it is stipulated that the lessor shall not be liable for any damage occasioned by or from acts particularly mentioned, among which are specified "acts or neglect of cotenants or other occupants." It is obvious that this exemption does not apply to the acts or neglect of such parties authorized or committed under any right given by the plaintiff as lessor of the premises. After examination of the errors assigned we are led to the conclusion that there is no error in the respects alleged.

*By the Court.*—Judgment affirmed.