F. Rockwood Hall, trustee, _vs._ Joseph Middleby, Jr., Inc.

Suffolk. November 19, 1907. — February 28, 1908.

Present : Knowlton, C. J., Hammond, Loring, Braley, & Rugg, JJ.

_Landlord and Tenant_, Deposit to secure payment of rent, Ouster, Termination of lease. _Bankruptcy._

The lessee under a lease in writing of a building carried on a retail confectionery business upon the premises and conveyed his stock in trade and fixtures to the lessor in mortgage to secure the payment of the rent. The terms of the mortgage were that, upon default, the lessor, after ten days' notice in writing and three weeks' publication, might sell the property mortgaged at public auction, that, until default, the lessee might remain in possession, but that, upon default, the lessor might take immediate possession of the mortgaged property. The lessee sublet portions of the premises. Rent was due under the lease on the first of the month. Before the expiration of the lease, the rent not having been paid on the first day of a certain month, the lessor three days thereafter entered under the mortgage, took possession of the personal property and of the business of the lessee, sold the property at private sale in the regular course of the retail business, collected rent from the lessee's subtenants, and continued thus in possession for over a month, when he gave to the lessee a notice in writing that he had terminated the lease and taken possession of the premises. _Held_, that the acts of the lessor constituted a complete ouster of the lessee.

By the terms of a lease in writing of a building, the lessee was to pay the rent and an amount " on account of taxes " in advance on the first day of each month, and he deposited with the lessor a sum of money, which was less than the amount of the payment due each month, to secure the monthly payments. Nothing having been paid on the first day of a certain month, the lessor ousted the lessee on the fourth day of the month. The lessee thereupon brought an action of contract against the lessor to recover the amount deposited with him. The lessor contended that the whole of the monthly payment became due on the first of the month, and that consequently he had a right to apply the deposit toward its payment. _Held_, that the rent could not be apportioned, and, the consideration of a month's rent and a monthly instalment of the taxes being a month's use of the premises, that that consideration failed upon the lessor's interruption of the use ; and that therefore there was nothing due to the lessor which would warrant him in refusing to return the deposit.

One who was lessee under separate leases of two different buildings deposited with the lessor a sum of money to secure to him the payment of the rent, and then assigned his lease of one of the buildings to a partnership of which he was a member. Rent was payable under both leases in advance on the first day of each month, and, it not having been paid under either lease on the first day of a certain month, the lessor gave proper notice to the partnership and entered upon the premises then held by them, but ousted the lessee from the other building on the fourth day of the month. On the twelfth day of the month the lessee filed a petition in bankruptcy under the bankruptcy act of 1898, and a trustee subsequently was appointed. Thereafter the partnership paid the rent due under the lease assigned to them, and the trustee in bankruptcy brought an action to re-

cover the amount of the deposit made with the lessor by the lessee.  *Held*, that the trustee in bankruptcy on his appointment became vested with the right, which was the lessee's at the time he filed his petition in bankruptcy, to enforce repayment of the deposit when all instalments of rent whose payment it secured were paid.

CONTRACT by the trustee in bankruptcy of one Basil Vesaxes to recover $1,000 paid by Vesaxes to the defendant as security for the payment of monthly rent due under the terms of a lease from the defendant to him.  Writ in the Superior Court for the county of Suffolk dated December 5, 1904.

The case was tried before *Bell*, J., without a jury, upon an agreed statement of facts, of which the following are material :

· The defendant on August 20, 1903, executed a lease to .Vesaxes of premises numbered 16 and 18 on Winter Street in Boston, the annual rental being $12,000, and the lessee agreeing to pay $1,000 as rent and $170.20 " on account of taxes " on the first day of each month.  On the same day the defendant executed to the plaintiff a lease of premises on Tremont Street.  Coincidentally with the execution and delivery of the leases, Vesaxes paid to the defendant $1,000, which the defendant in a letter to Vesaxes acknowledged that it held " as collateral security for the punctual performance · by you of all the covenants and agreements contained in two leases (covering ·Winter Street and Tremont Street properties) heretofore given by us to you."

. On November 28, 1903, Vesaxes with the derendant's consent assigned the lease of the premises on Tremont Street to a partnership of which he was a member.  On the same day he executed and delivered to the defendant a note for $1,500 payable in one year from its ·date, and, to secure the note, a mortgage upon " all the stock in trade, fixtures, furnishing, tools and utensils " at 16 and 18 Winter Street, " and also all stock in trade, fixtures, etc., which the said Vesaxes might add to the premises thereafter."  The provisions in the mortgage as to foreclosure and possession were as follows : " But upon any default in the performance or observance of the foregoing condition, the grantee, or its successors or assigns, may sell the said goods and chattels at public auction, first giving ten days' notice in writing of the time and place of sale to me or my representatives, or publishing such notice once a week ·for three

successive weeks in some one newspaper published in said Boston. . . . And it is agreed that the grantee, or its successors or assigns, or any person or persons in their behalf, may purchase at any sale made as aforesaid; and that until default in the performance or observance of the condition of this deed I [Vesaxes] and my executors, administrators, and assigns, may retain possession of the above mortgaged property and may use and enjoy the same, but after such default, the grantee or those claiming under it may take immediate possession of said property, and for that purpose may, so far as I can give authority therefor, enter upon any premises on which said property or any part thereof may be situated, and remove the same therefrom."

Coincidentally with the execution of the mortgage, the defendant executed under seal an instrument stating that it, as such mortgagee, acknowledged that it had received "said mortgage and the promissory note accompanying the same (the amount whereof is $1,500) as collateral security for the several performances by said Vesaxes of his obligations under two several leases of real estate given by said Joseph Middleby, Jr. (Incorporated) to said Vesaxes. One of said leases is dated April 6, 1903, and covers the building numbered sixteen Winter Street, in Boston; and the other of said leases is dated August 20, 1903, and covers the building twenty-one and twenty-three Tremont Street, in Boston. This mortgage and note constitute security additional to the sum of $1,000 in cash heretofore placed in the hands of said Joseph Middleby, Jr. (Incorporated); and in the event of default said $1,000 is to be first applied."

Vesaxes conducted a retail confectionery business upon the Winter Street premises, but, he having failed to pay the amount due under the terms of the lease on January 1, 1904, on January 4 the defendant filed in the office of the city clerk of Boston a notice of intention to foreclose under the mortgage, entered upon the premises, "took and retained possession of same, ousted and evicted said Vesaxes from same, put its own agents and servants in charge and proceeded to conduct a retail confectionery business in said premises, and to sell the said stock in trade of Vesaxes at private sale to the entire exclusion of the said Vesaxes then and thereafter, and collected from the other tenants rent due February 1."

On January 12, 1904, Vesaxes filed his petition in bankruptcy and the plaintiff was appointed his trustee on January 28. On February 12 the defendant gave to Vesaxes and to the occupants of the Winter Street property notice in writing that it had terminated the lease to Vesaxes for breach of its conditions, and had entered and taken possession of the premises.

In the meantime, the lease of the Tremont Street property held by the partnership of Vesaxes and another had been terminated by the defendant, and, on March 18, 1904, a settlement had been reached and all rent due under that lease was paid in full and satisfied.

The presiding judge found for the plaintiff and the defendant appealed.

*F. Burke*, for the defendant.

*J. H. Sherburne, Jr.*, for the plaintiff.

BRALEY, J. The deposit, the right to which is in dispute, cannot be deemed liquidated damagse to be exacted as a penalty, for, by the express stipulation of the defendant's agreement, the money constituted a collateral fund to secure the performance of the lessee's covenants and to indemnify the lessor if it suffered damages from their breach. But, before the security could be applied in payment of rent which was due in advance on the first day of each month, the rent must have been in arrears. The rent for the month in which the default is claimed having been neither paid nor tendered within three days after it became due, the defendant, who had a mortgage of the lessee's stock in trade as additional security, took possession of the premises, from which it excluded him, and then proceeded to carry on the business, while selling the mortgaged property at retail. But under the power, even if the conditions of the mortgage as modified by the collateral agreement could be considered to have been broken by a failure to pay either the note at maturity or the monthly rental, the defendant could sell only at public auction. While, for the purposes of foreclosure, the mortgagee could enter to take possession of the mortgaged property, the defendant was not empowered to eject the mortgagor, and then sell at retail. If the interruption had been temporary, it would have operated only to suspend payment of the rent until possession had been restored, but the defendant remained in occu-

pation and collected the rents due from tenants of the lessee. These unauthorized acts constituted a complete ouster. *Leadbeater* v. *Roth*, 25 Ill. 587. The rent for the succeeding month remaining unpaid, the defendant gave to the lessee, who meanwhile had gone into bankruptcy, a notice that the lease had been terminated for breach of condition, and, it being conceded that the leasehold estate then ended, the question is, to whom does the money deposited belong?

During the entire period after the entry by the lessor, the lessee had been deprived of any enjoyment of the premises, and this dispossession ordinarily would have barred a recovery if he had been sued for the arrears, as the defendant was not entitled to the increment from the rental while unlawfully retaining the land from the use of which it arose. *Skally* v. *Shute*, 132 Mass. 367. But, having been payable in advance, the defendant contends that the covenant was broken before eviction, and hence payment could have been immediately enforced and the security applied. If it be assumed from the recitals in the agreed facts that the lease contained a condition whereby it became voidable if the rent remained unpaid, yet under the grant the estate of the lessee, who had entered into occupancy, vested for the whole term, subject, of course, to be defeated at the election of the lessor upon breach of this condition. *Fifty Associates* v. *Howland*, 11 Met. 99, 101. An eviction upon the rent day would have discharged the lessee, as the right to the rent in advance would have perished simultaneously with the termination of the leasehold. *Smith* v. *Shepard*, 15 Pick. 147. But, if not paid on that day, the monthly payments of rent could not be apportioned, and the consideration for a month's rent, whenever payable, was intended to be the equivalent of a full month's use of the premises. *Earle* v. *Kingsbury*, 3 Cush. 206. *Hammond* v. *Thompson*, 168 Mass. 531. The estate having been destroyed by the acts of the defendant shortly after the month began, the right, which would have been the lessor's if it had not interfered, to collect the rental value of the estate as measured by the rent which was reserved in the lease and had not been paid, or to convert the security in payment, was irrevocably lost. *Sutton* v. *Goodman*, 194 Mass. 389. *Hyman* v. *Jockey Club Wine Co.* 9 Col. App. 299. *Wreford* v. *Kendrick*,

107 Mich. 389.   Compare *Giles* v. *Comstock*, 4 Comst. 270, and *Hunter* v. *Reiley*, 14 Vroom, 480.

If the covenant to pay the taxes in equal monthly instalments was independent of the covenant to pay rent, yet this covenant also was dependent upon the tenant's being permitted to enjoy the estate, and, he having suffered an unlawful expulsion by the landlord followed by a termination of the lease, there was a complete failure of consideration which relieved him from this liability.  *Hodgkins* v. *Price*, 137 Mass. 13, 19.   *Griggs* v. *Moors*, 168 Mass. 354, 361.   *Smith* v. *McEnany*, 170 Mass. 26, 27.

By the adjustment between the partnership and the defendant, the fund having been released so far as held for the performance of the covenants under their lease, the plaintiff as trustee in bankruptcy of the depositor is entitled to the money.  U. S. St. July 1, 1898, c. 541, § 70 a ; 30 Sts. at Large, 544.

*Judgment affirmed.*