BRUCKNER, Respondent, vs. HELFAER, Appellant.

*December 5, 1928—January 8, 1929.*

The cause was submitted for the appellant on the brief of *Charles F. Puls, Jr.* and *Harvey C. Hartwig,* both of Milwaukee, and for the respondent on that of *Frank H. Hannaford* of Milwaukee.

CROWNHART, J.   The owner of the premises lived at Green Bay, and he had an agent, Mr. Richard Lehmann, at Milwaukee, who acted for him in making leases and looking after the premises in general.   The lease was for an apartment in a building containing many other apartments.   The lease, among other things, provided against any noise or disturbance, against the use of intoxicating liquor, and against the use of the premises for any purpose that would injure the reputation of the apartment building.   The apartment was supposed to be a high-class residence apartment.   After the defendant had been in the apartment for some time he complained to the agent that the adjoining apartment was noisy, such as to prevent sleep or rest; that drinking of liquor was going on there; that the tenants were using vile and obscene language that could be heard in defendant's apart-

ment; and that conditions were such that he could not possibly remain in the apartment unless the agent would remove the cause of the trouble.

On the trial the evidence fully justified the complaint that he made. Without doubt the adjoining apartment was a common nuisance. The evidence was without contradiction. It was to the effect that the partitions between defendant's apartment and the adjoining apartment were thin and without any deadening material. Noises in such adjoining apartment could be plainly heard in defendant's apartment. Such adjoining apartment was used by tenants thereof for revelry by night and by day. Radio and victrola music was played during all hours of the night. There was drinking, dancing, and drunkenness. Loud, profane, and foul language was used. The telephone was used to call parties to the apartment for carousal, who came in cabs late at night. Empty liquor bottles were strewn in the halls. The defendant and his wife could get little rest or sleep. The wife was made ill and nervous. The landlord's agent admits that defendant notified him of the conditions existing, at least three times, and requested relief. The agent gave the defendant no satisfaction, and the nuisance continued until finally the defendant gave the plaintiff notice in writing that he considered the lease broken, and that he would vacate within thirty days or at any time prior thereto that the plaintiff should desire. He did vacate the premises and turned the keys over to the janitor. He paid rent up to the time he vacated the premises. He heard nothing from the plaintiff thereafter until the expiration of his lease, when this suit was brought to recover rent claimed to be due on the written lease for the full period after the tenant vacated the premises till the expiration of the lease.

We think this was a case of constructive eviction of the tenant. 16 Ruling Case Law, p. 949, "Landlord and Tenant;" *Wade v. Herndl*, 127 Wis. 544, 107 N. W. 4; *Silber*

*v. Larkin,* 94 Wis. 9, 68 N. W. 406. It is impossible to read the testimony and come to any other conclusion than that the defendant was fully justified in vacating the premises.

There is an implied covenant in every lease, for quiet enjoyment for a term of less than three years, and such covenant may be breached by a constructive eviction. *Hannan v. Harper,* 189 Wis. 588, 208 N. W. 255. The authorities are not uniform on the subject elsewhere, but the law is well settled in this state. The general rule, as stated in 16 Ruling Case Law, p. 949, is:

"Where a landlord . . . is guilty of such acts as will justify or warrant the tenant in leaving the premises, and he abandons them, then the circumstances which justify such abandonment, taken in connection with the act of abandonment itself, will support a plea of eviction as against an action for rent."

This rule, as applied to this case, is just and reasonable. The tenant leased a high-class apartment with the implied covenant of quiet enjoyment as a residence. He paid his rent promptly. When the disturbance in the adjoining apartment became so violent as to prevent the use of defendant's apartment for the purpose for which it was leased, he notified the landlord of the condition and requested him to give the tenant the quiet enjoyment implied in the lease. He got no satisfaction, and again complained, and yet again, with no relief. He finally was compelled to give up his apartment, and thereupon gave the landlord reasonable notice of his intention. The defendant was entitled to judgment.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.