## MAPLE TERRACE APARTMENT CO. v. SIMPSON et al. (No. 3748.)

Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1929.

W. P. Donalson, of Dallas, for appellant.
Walter B. Branan, of Dallas, for appellees.

LEVY, J. (after stating the case as above). [1, 2] Appellant's assignments of error Nos. 1 to 5, inclusive, present, in effect, the points in view that the appellees have shown no defense to the claim for rent because (1) the lease expressly provided that the "lessor shall not be responsible for the acts or omissions of cotenants in said premises or apartment" building; and (2) the rules and regulations referred to in the lease were solely for the benefit of the lessor, and the enforcement solely at its option, and were not for the benefit of appellees as lessees. The provision in the lease exempting the appellant from acts of the tenants does not apply to such acts as may be authorized or done under the sanction of the appellant's managing agent. 16 R. C. L. 694; Wade v. Herndl, 127 Wis. 544, 107 N. W. 4, 5 L. R. A. (N. S.) 855, 7 Ann. Cas. 591; McKinny v. Browning, 126 App. Div. 370, 110 N. Y. S. 562.

In this case it may not be said that the "nuisance," as found by the jury, was created only by the acts of a cotenant of the lessor and without the sanction or assent of the lessor. According to the evidence, the managing agent of appellant knowingly permitted the cotenant to keep a dog in apartment No. 411, and failed to make any effort to have the dog removed from such apartment after notice, and the keeping of the dog in such apartment constituted a private nuisance. The keeping of the dog in the apartment was an act on the part of the cotenant which was inconsistent with the purpose for which he leased his portion of the premises. Such act was in positive violation of the rules and regulations, made a part of the lease contract, forbidding any "animal" in the building. That regulation, appearing in all leases of the apartments in the building, was made, as set out, in order to "reserve the right to remove any and all objections and nuisances." The particularly reserved right of the lessor to "remove nuisances," such as allowing animals on the leased premises, was evidently in the interest of the enforcement of the lessor's covenant to all tenants of apartments in the building of quiet enjoyment.

The covenant of quiet enjoyment may be implied from the lease in evidence from the use of the words "grant, demise, and lease." 36 C. J. p. 74, § 695; 5 Elliott on Contracts, § 4559; Alford v. Thomas (Tex. Civ. App.) 238 S. W. 270; Coal Co. v. Fox (Tex. Civ. App.) 228 S. W. 1021; Maxwell v. Urban, 22 Tex. Civ. App. 565, 55 S. W. 1124. In virtue of such covenant of quiet enjoyment the legal duty arose on the part of the lessor to protect the appellees against the acts of the cotenants in the adjoining apartment, operating to disturb them in their quiet enjoyment of apartment No. 410. The lessor was able to perform that duty under the terms of the lease, and by the failure of its managing agent to put an end to the nuisance complained of after notice the appellees were deprived of the reasonable enjoyment and quiet of their home, justifying their claim of eviction, as that term is understood in the law. It is thought that the assignments of error should be overruled.

Assignments of error Nos. 7 and 8 complain of the refusal of the court to submit the following requested special issue: "Was the purchase of a home by the defendants the cause of their removing from the apartment in question?" It is claimed that there was evidence that the motive which prompted appellees in removing from the apartment was the acquisition of a home of their own. Such evidence is only a collateral and slight circumstance bearing upon the good faith of appellees' claim that the leased apartment had become uninhabitable because of a private nuisance for which the lessor was responsible. If at all a materially distinct issue to be found by the jury, the motive of appellees was sufficiently submitted in issue No. 4, reading: "Was the fact that the dog was kept in the apartment adjoining that occupied by the defendants the proximate cause [the motive] of defendants vacating the apartment involved in this suit?"

The judgment is affirmed.