## CIRCUIT COURT OF THE CITY OF RICHMOND

Wagner & Associates, Inc.

v.

American Income Life Ins. Co., Inc.

October 2, 1992

Case No. LT-2360–1

By Judge Melvin R. Hughes

This action was filed by the plaintiff, the managing agent for a landlord, to recover rents from a former tenant allegedly due under a written lease. The case was tried without a jury on September 9, 1992, and was taken under advisement at the conclusion of all the evidence.

According to the evidence, defendant leased office space from plaintiff's principal for one year. The lease was renewed through June 30, 1991. The defendant vacated the premises as of December 30, 1990, and paid rent through January 31, 1991. In the first week of January, 1991, the tenant saw the vacant premises were being used as a work space by a carpenter, Jeff Smith, employed by plaintiff. On February 21, 1991, defendant advised plaintiff that it considered the presence of Smith on the lease premises using it as work space as constructive eviction and that it would pay no further rent. Plaintiff denied any knowledge of Smith's activities and demanded that net payments continue per the lease.

Plaintiff argues that the facts do not present a constructive eviction, and if they do, there is no showing that it authorized Smith's conduct. Indeed, plaintiff argues, Smith is an independent contractor. Defendant maintains it was constructively evicted by the imputable actions of Smith, who is plaintiff's agent, and thereby, there is no liability for rents due under the balance of the lease term.

There is little case law in Virginia on constructive eviction. The case of *Buchanan v. Orange*, 118 Va. 511 (1916), decided in 1916

covers important principles on the subject which are still applicable today.

In *Buchanan*, Orange leased the second floor of a storehouse to be used as a millinery. Buchanan, the landlord, agreed to furnish water, light, and furnace heat. After taking possession, Orange was told that the furnace was inadequate to heat her floor and that a stove would have to be installed. After a stove was installed, this too was found to be inadequate. Orange so informed Buchanan and thereafter vacated the premises after the situation was not remedied. In deciding whether a constructive eviction had occurred, the court included within the definition of the term "any wrongful act of the landlord, either of commission or omission, which may result in a substantial interference with the tenant's possession or enjoyment, in whole or in part." 118 Va. at 515 (quoting Taylor on Landlord and Tenant 9th Ed., Sec. 309A). The court further stated that "any act of the landlord or of anyone who acts under his authority . . . which so disturbs the tenant's enjoyment of the premises as to render them unfit for occupancy for the purposes for which they are leased, is an eviction, and whenever it takes place, the tenant is released from the obligations under the lease to pay rent." 118 Va. at 516 (quoting *Wade v. Herndl*, 127 Wis. 544, 107 N.W. 4).

It is the element of causation which is missing from the case here. It is questionable whether the landlord even knew of the activities of Smith, let alone authorized them. Smith testified that he was present in the building to conduct work on another office suite when he noticed plaintiff's offices were vacant. With a pass key supplied by plaintiff, he entered the premises to store materials and to cut them for the work in the other office suite. Smith also testified that he is self-employed and works for plaintiff from time to time doing maintenance work on various properties plaintiff manages. Jeff Smith's activities were not the cause of the defendant vacating the premises. The acts of Jeff Smith, if they could be imputed to the landlord, did not, under *Buchanan*, "as a matter of fact result[ed] in dispossessing the tenant by giving him justifiable cause to vacate the premises" because defendant had already physically departed when the acts complained of occurred.

Also, the Court cannot find that Jeff Smith was in any way plaintiff's agent with respect to the entry of the premises already vacated by defendant. Smith is not a regular full time employee of the plaintiff. He is hired per job. And while he is hired somewhat regularly by

plaintiff to do maintenance work, he maintains his own business and is not subject to control by plaintiff in the work he from time to time provides. He is an independent contractor. *Nolde Bros. v. Chalkley*, 184 Va. 553, 566 (1945).

For these reasons, plaintiff is entitled to judgment in the amount sued for.