HARRIET L. WITHINGTON & others *vs.* JOHN C. NICHOLS.

Norfolk.   January 11, 1905. — March 25, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Landlord and Tenant.*

Where a lease of real estate, under which the rent is payable on the first day of every month during the term, gives the lessee the right to purchase the property during the term, and the lessee exercises the option and tenders the purchase money on the twenty-ninth day of a month, and refuses to pay rent after the first day of the month in which he has made the tender, the lessor may recover the proportional part of the rent under R. L. c. 129, § 8, the contingency of purchase by the lessee under the provision of the lease which has terminated the estate of the lessor being such a contingency as is provided for by the statute.

LATHROP, J.   This is an action of contract in two counts. The first is for rent, and the second is on an award.   The facts in the case as they appear in the agreed statement of facts may be stated thus.

On May 19, 1902, the plaintiffs leased to the defendant certain premises in Brookline for the term of twenty-two and a half months, beginning on June 15, 1902, at the rate of $800 a year, payable in equal monthly payments, the first to be paid pro rata on July 1, 1902, and those remaining on the first day of each month following.   The lease contained this clause : " It is further understood and agreed that the said lessee shall have the privilege of purchasing the above property, at $9000, during the term of this lease ; and in case of such purchase being made, a commission of one and one fourth per cent is to be paid to Frank A. Russell by each of the parties hereto."   The lease provided that the lessee should pay all water and gas rates, but contained no provision as to taxes.

The defendant entered upon the premises, under the lease, on or about June 15, 1902, and continued to occupy the same until October 29, 1902, when he made a tender to the plaintiffs of $9,112.50, being the consideration named in the lease for the purchase of the premises and the commission due to Russell, and demanded a deed of the premises.   The plaintiffs contended that the defendant should pay the pro rata share of the taxes for the year 1902, and also the rent of the premises from October 1 to October 29, 1902.   The defendant refused to pay any part of the rent or taxes.

The parties thereupon agreed to submit their differences to arbitration, agreed upon an arbitrator, and submitted to him two questions concerning the lease.   The first question related to the taxes and need not be stated.   The second question was as follows : " Under said agreement is John C. Nichols bound in law or in equity to pay anything for the use and occupation of said premises since the first day of October, 1902?   If so, how much ? "

On November 5, 1902, the arbitrator made an award that the lessor should pay the taxes for 1902, and as to the rent the award was as follows : " In regard to the question of rent, I am not so clear on the law in the matter, it being a case where a convey-

ance is made to the tenant, and there being no one who could collect rent from him after the present owners are dispossessed of their title.   It seems to me, however, just and equitable that Mr. Nichols should pay rent from October 1st to October 29th."

The defendant remained in possession of the premises until November 7, 1902, on which date the plaintiffs delivered to him a deed thereof, and paid all taxes thereon for 1902; but the defendant never has paid any part of the rent which accrued after October 1, 1902.

On these facts the Superior Court found for the plaintiffs in the sum of $69.50, of which amount $5.12 was interest from the date of the writ, February 3, 1903, to June 1, 1904.

The principal question arising under the first count is whether the case falls within the R. L. c. 129, § 8 ; and we are of opinion that it does.  The section refers to apportionment of rent.  It reads : " If land is held by lease of a person who has an estate therein determinable on a life or on a contingency, and such estate determines before the end of a period for which rent is payable, . . . the landlord . . . may, in an action of contract, recover a proportional part of such rent according to the portion of the last period for which such rent was growing due which had expired at such determination."   This statute had its origin in the St. of 1869, c. 368, and appears in the Pub. Sts. c. 121, § 8. In *Adams* v. *Bigelow*, 128 Mass. 365, the words " or on any contingency " in the St. of 1869, were held not to apply where the owner of land subject to a mortgage leased it, and after the mortgagee entered to foreclose demanded the rent, and the tenant soon after paid the rent to him.   It was said by Mr. Justice Endicott : " But these words, taken in the connection in which they are used, clearly refer to the happening of some event affecting the nature and character of the estate itself, and an essential and necessary part of it, upon which the continuance of the estate depends."

In *Emmes* v. *Feeley*, 132 Mass. 346, the St. of 1869 was held not to apply to a case where between two rent days the estate of a tenant at will had been terminated by a sale of the land by the landlord to a third person.   See also *Hammond* v. *Thompson*, 168 Mass. 531.

In the case at bar, by the terms of the lease, the estate con-

veyed to the lessee was subject to the contingency of the lessee exercising his option to purchase. This was an event affecting the nature and character of the estate itself, and was an essential and necessary part of it. The plaintiffs therefore were entitled to recover.

This view of the case renders it unnecessary to consider the effect of the award or whether the parties by entering into arbitration undertook to oust the courts of their jurisdiction. See *Jones* v. *Brown*, 171 Mass. 318, 324, and cases cited.

*Judgment affirmed.*

*E. D. Sibley,* for the defendant.

*J. Herbert,* for the plaintiffs, submitted their case without an argument or brief.