MARY E. SUTTON *vs.* DAVID GOODMAN.

Suffolk.    January 9, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Landlord and Tenant. Words, "Expiration."*

Where there is a covenant in a lease that a sum of money deposited by the lessee as security for the performance of the terms of the lease shall be returned at the expiration of the lease if no default shall have been made, or, if a default shall have been made, the lessor " may retain so much thereof as will properly com-

pensate him, and the balance, if any, shall, upon the expiration of this lease, be paid to said lessee," a termination of the lease by the lessor by lawfully evicting the lessee for non-payment of rent is an " expiration " of the lease within the meaning of the covenant.

A lessor who terminates a lease by entering and expelling the lessee for non-payment of rent cannot recover from the lessee for the loss of rent sustained by him in consequence of such termination unless the lease contains a covenant giving him that right.

Where by the terms of a lease the rent is payable in advance in monthly instalments on the first day of each month during the term, and the lease provides that upon a failure by the lessee to pay any of the monthly instalments when due the lease at once shall become null and void, if, after a default in the payment of rent on the first day of a month, the lessor on the second day of the month terminates the lease in accordance with its terms, he cannot recover from the lessee the rent for that month.

In an action to recover the sum of $300 deposited with the defendant as security for the performance of the terms and obligations of a lease to the plaintiff which the defendant had terminated, it appeared that by the terms of the lease the rent of $75 a month was payable in advance on the first day of every month during the term, and that upon the failure by the lessee to make any of the monthly payments when due the lease should at once become null and void, the lessor being given the right to enter and expel the lessee. The lessee further agreed to pay the rent during the term, " and for such further time as [he] may hold the said premises." On the first day of a month the plaintiff made default and refused to make further payments of rent under the lease. On the second day of the month the defendant terminated the lease and ordered the plaintiff to quit the premises, but the plaintiff continued to occupy the leased premises until the twenty-second of the month when the defendant expelled him and took possession. The lease contained the following provision in regard to the $300 deposited by the plaintiff as security : " If a default, however, shall have been made, then the [lessor] may retain so much thereof as will properly compensate him, and the balance, if any, shall, upon the expiration of this lease, be paid to said lessee." *Held,* that under the provision last quoted the plaintiff was entitled to recover the balance of the deposit after deducting the amount of the rent for the twenty days from the day when the lease rightfully was terminated by the defendant until the day when the plaintiff was expelled, the plaintiff having agreed to pay rent not only during the term but for such further time as he might hold the premises, but that the defendant, having terminated the lease, was entitled to no damages for its termination, in the absence of a covenant to make up any loss of rent sustained in consequence of such a termination, such as was enforced in *Edmands* v. *Rust & Richardson Drug Co.* 191 Mass. 123.

CONTRACT by the assignee of Walter S. Harris for $300 deposited by Harris with the defendant as security for the performance of the terms of a lease of certain property numbered 114–118 on Washington Street in Boston, which had been terminated by the defendant. Writ in the Municipal Court of the City of Boston dated February 27, 1906.

On appeal to the Superior Court the case was tried before

*Bond,* J., without a jury.   The material parts of the lease were as follows:

"To hold for the term of five years and four months beginning with the first day of October A. D. 1905, yielding and paying therefor the rent of nine hundred dollars per year during said term by equal monthly payments in advance of seventy-five dollars each payable on the first day of each month beginning with the said October 1, 1905; and said lessee does promise to pay said rent as aforesaid and also at the termination of this lease to pay rent proportionately for any part of the month then unexpired; and the lessee agrees to quit and deliver up the premises to the said Goodman or his attorney peaceably and quietly at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are or may be put into by the said Goodman, and to pay the rent as above stated during the term above stated, and for such further time as said Harris may hold the said premises; and not to suffer or make any waste thereof, nor lease, nor underlet or permit any other person or persons to occupy or improve the same or make or suffer to be made any alterations therein, except with the approbation of the Fifty Associates, lessors of said Goodman having been first obtained; and the said Goodman may enter to view and make improvements and to expel said Harris if he shall fail to pay the rent as aforesaid, or make or suffer any strip or waste thereof.   It is further agreed between the parties that at the option of said Goodman upon the failure by the lessee to pay any or either of the monthly payments when due, this lease shall at once become null and void.   And whereas the said lessee has deposited in the hands of said Goodman the sum of $300.00, it is agreed that the said sum of $300.00 is now in the hands of said Goodman as security for the performance by said lessee of the terms and obligations of this lease, and, upon the expiration of this lease, if no default shall have been made by said lessee in any respect, then the said $300.00, or so much thereof as may be retained by said Goodman shall be refunded to said lessee with interest at the rate of two percent per annum. If a default, however, shall have been made, then the said Goodman may retain so much thereof as will properly compensate

him, and the balance, if any, shall, upon the expiration of this lease, be paid to said lessee. Furthermore, the said Goodman hereby acknowledges that he has this day received from said Harris the sum of seventy-five dollars as rent for the first month of the term herein granted."

Harris paid the rent due for November on the first day thereof. The rent for December he did not pay on the first day, but paid in several payments, the last one being made on December 23. On January 1, 1906, the defendant called at the premises to obtain the rent, but could not get it. He called on the second day of January and saw Harris and asked him for the rent. Harris said that he had no money and could not pay it. The defendant asked him when he could pay it, and Harris did not give him any definite answer, and the defendant testified that Harris then refused to pay him any rent under the lease. Harris testified that he then was unable to pay. Thereupon, on January 2, 1906, the defendant caused to be written to Harris a letter, terminating the lease for non-payment of rent and giving him notice to move at once.

Harris made no answer to this letter, and remained in the premises, and on January 5 the defendant brought an action of ejectment returnable in the Municipal Court of the City of Boston on the thirteenth day of January, 1906. Harris entered no appearance and was defaulted, and an execution was issued to the defendant on January 22, 1906, under which the defendant caused the goods of Harris to be removed and took possession of the premises. Thereupon the defendant caused letters to be written to Harris asking his assistance in getting a new tenant for the property and telling him that the loss would be charged to him. By a letter dated January 24, 1906, notice of the assignment from Harris to the plaintiff was given to the defendant, and a demand was made by the plaintiff for the payment of the $300 deposited with the defendant as security. The defendant spent considerable money and time in trying to find a new tenant, and the best he could do was to get one who would pay $53 a month, who occupied the premises after about two months. After possession was taken under the execution Harris disclaimed any rights in the premises and said he was not concerned in any way in the steps taken by the defendant to

obtain a new tenant. The defendant asked the judge to make the following rulings:

1. That on all the evidence the plaintiff has no claim against the defendant.

2. That any cause of action the plaintiff may have against the defendant will not accrue until the date set as the termination of the lease.

3. That if Harris, the lessee, made a breach of the conditions of the lease Goodman is entitled to damages therefor.

4. That if Harris made a breach of the conditions of the lease Goodman is entitled to hold back sufficient of the $300 placed in his hands to make himself whole.

5. That the fact that Goodman used the power under the lease to annul the lease on account of the non-payment of rent does not constitute a waiver of the right of Goodman to recoup himself for damages out of the $300 deposited with him as security.

6. That the defendant Goodman is entitled to charge up against the amount of $300 the difference between $75 per month and $53 per month, which is $22.

7. That this suit is prematurely brought.

8. That Goodman will have the right to charge up against the deposit of $300 the loss which shall accrue to him on account of the breach of condition by Harris during the time that the lease was to continue by its terms, to wit, five years from the date thereof.

9. That Harris committed a breach of the conditions of the lease when he refused and neglected to pay the rent.

The judge made the ninth ruling and refused to make the others, and further ruled that the defendant, having exercised his option to declare the lease null and void after the breach of Harris, by the letter of January 2, 1906, the lease could not be made the basis for a claim of damages after that date, and found for the plaintiff in the sum of $300, with interest at the rate of two per cent per annum, making $306.97. The defendant alleged exceptions.

*J. E. Young*, for the defendant.

*H. Dunham*, for the plaintiff.

SHELDON, J. By the terms of the lease to Harris, the plain-

tiff's assignor, it was to become null and void at the defendant's option, upon the failure by the lessee to pay any or either of the monthly payments of rent when due. Harris paid the rent up to the first day of January, but failed to pay the monthly rent which became due in advance on that day. Thereupon the defendant, on January 2, 1905, by notice to Harris, declared the lease null and void, and afterwards actually ejected him from the leased premises, upon an execution taken out on a judgment obtained against him under R. L. c. 181. The plaintiff now sues to recover the deposit made by Harris as security for the performance by him of the terms and obligations of the lease; and the defendant claims that the action was prematurely brought and cannot be maintained, and that he at any rate has the right to deduct from the amount of the deposit all that he has lost and is liable to lose by Harris's breach of the terms of the lease and by the fact that it has been found impossible to relet the premises except for a much smaller rent than was reserved in the original lease. The specific questions which come before us are upon the defendant's exception to the judge's refusal to give certain rulings for which he asked.

It was impossible to rule that the plaintiff had no claim against the defendant. Doubtless her rights are no greater than those of Harris would have been; but he himself could have maintained an action upon the defendant's covenant to repay the deposit to him. The defendant had chosen to terminate the lease, and it had become null and void. This was the expiration of the lease within the meaning of those words in the defendant's covenant. The provisions of R. L. c. 129, § 8, do not apply here; but even if the rent for the month of January could be apportioned under that statute (see *Withington* v. *Nichols*, 187 Mass. 575) yet as the defendant actually ejected Harris on the twenty-second day of that month, he could not be entitled to deduct more than twenty-two days' rent, which would leave in his hands a considerable amount for which the plaintiff, at the date of her writ, had a clear right of action. For the same reason the action was not prematurely brought. The first, second and third requests could not have been given.

The sixth and eighth requests rightly were refused. The lease became terminated when the defendant exercised his

option to declare it null and void. It did not, as in *Edmands* v. *Rust & Richardson Drug Co.* 191 Mass. 123, contain any covenant by Harris to make up any loss of rent that might follow such a termination. Having terminated the lease and evicted the lessee, the defendant, under the terms of this lease, had no further claim against the lessee.

The fourth and fifth requests are in themselves correct statements of the law. Whether they are applicable to the case and should have been given depends upon whether it appears that the defendant has sustained any damage which he has the right to deduct from the deposit. Harris's default was a failure to pay the rent which was payable in advance on the first day of January for that month. The defendant, as he had a right to do, terminated the lease on the second day of January; but Harris continued to occupy the leased premises until January 22, when the defendant actually evicted him. Under Harris's covenant in the lease to pay the rent during the term " and for such further time as said Harris may hold the said premises," the defendant could require him to pay rent until the premises were actually given up, unless he had lost this right by his eviction of Harris during the month. This eviction was lawful, for it was in accordance with the covenants of the lease. Harris's default was without excuse ; he should have paid the rent that became due and payable on the first day of January. But this monthly rent was an indivisible item ; and while it was payable in advance before the defendant elected to terminate the lease, yet that election and termination of the tenant's rights destroyed the right which the defendant previously had to require the payment of the rent for that month, and destroyed it as to the whole amount of that rent. *Hammond* v. *Thompson*, 168 Mass. 531. There can be no apportionment of the rent. *Knowles* v. *Maynard*, 13 Met. 352. *Dexter* v. *Phillips*, 121 Mass. 178, 180. But Harris continued in occupation until January 22, when the defendant expelled him and took possession. The defendant's right to recover rent as such for the month of January was destroyed by his termination of the lease on the second day of the month. *Smith* v. *Shepard*, 15 Pick. 147. *Nicholson* v. *Munigle*, 6 Allen, 215. The lease expired accordingly on the second day of January, and the defendant lost his right to the rent for that month.

But Harris under his covenant was held to pay rent at the rate stated in the lease for the twenty days during which he occupied after its termination; and the defendant had the right to deduct this amount from the deposit which was made as security. *Rice* v. *Loomis*, 139 Mass. 302. The attention of the judge was called by the requests to this subject, and we are of opinion that the fourth and fifth requests should have been given. *Emmes* v. *Feeley*, 132 Mass. 346. It is not necessary however that the whole case should be retried. The defendant is entitled to no further deduction than the amount of rent for twenty days, which would be $50, or one sixth part of the deposit. The order will be that if the plaintiff shall remit the sum of $51.16, being one sixth part of the finding in her favor, the exceptions are to be overruled; otherwise

*Exceptions sustained.*