MERCHANTS NATIONAL BANK *vs.* EDGAR L. RYERSON & another.

Suffolk.    November 19, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Construction of lease and covenants. *Practice, Civil,* Election of remedy.

A lease to two lessees of a room in an office building provided in substance that, if the lessees failed to perform any of the covenants in the lease, the lessor might enter and repossess the premises and the lessees' estate should end; that, upon such termination, the lessees would "remain responsible for the residue of the said term for the full rent herein reserved, whether the demised premises remain vacant or not, and shall be credited only with such amounts as shall be actually realized therefrom by the Lessor." The lessees failed to pay rent and, after one of them had vacated, the lessor took possession. No further rent being paid, an agent of the lessor in his own name, after the term and after demand only upon the lessee who was in possession when the lessor entered, brought an action against that lessee for rent, not therein relying on the lease. The lessor, while the former action was pending, brought an action in his own name against both lessees upon the lease. Thereafter, and after the defendant had set up the former action and the eviction in bar, the action formerly brought was discontinued. *Held,* that

(1) Under the provision of the lease above quoted, the eviction did not release the lessees from liability under the lease;

(2) The former action was not an election preventing the maintenance of the present action.

CONTRACT against Edgar L. Ryerson and Edwin M. Wolley with a declaration as amended in two counts, the first count being for $1,600 upon an account annexed for rent of rooms

414 and 415 in Merchants National Bank Building in Boston. In the second count the plaintiff relied upon a lease of those premises to the defendants for one year beginning January 1, 1921, at $2,400 per year, payable monthly, and a failure by the defendants to make the required payments for eight months preceding January 1, 1922. Writ in the Municipal Court of the City of Boston dated March 10, 1923.

On removal to the Superior Court, the action was heard by *Weed*, J., without a jury, the facts being agreed upon.

Material provisions of the lease were as follows:

"THIS LEASE IS MADE ON CONDITION also that, if the Lessee shall neglect or fail to perform or observe any of the covenants or agreements herein contained, on the Lessee's part to be performed or observed . . . the Lessor may, immediately, or at anytime thereafter . . . enter into and upon the demised premises . . . and repossess the same as of its former estate . . . and upon entry as aforesaid the Lessee's estate shall end. And the Lessee covenants that in case of such termination . . . the Lessee shall remain responsible for the residue of the said term for the full rent herein reserved, whether the demised premises remain vacant or not, and shall be credited only with such amounts as shall be actually realized therefrom by the Lessor; in the event of any such termination, the Lessor may immediately recover from the Lessee the pro rata rent up to the time of termination, irrespective of the periods herein prescribed for the payment of rent.

"Any assent to any breach of, or any waiver of any of the Lessee's covenants by the Lessor, whether express or implied, shall not be construed to be a waiver, except in that specific instance either of such covenants or of any subsequent breach thereof."

Material facts agreed upon were as follows:

C. W. Whittier and Brother were agents of the plaintiff having as full and complete powers in the premises as the plaintiff itself might or could have. All dealings in the matter of the lease were between these agents and the defendants, and they will hereinafter be called the agents.

The defendant Wolley vacated the premises during the

month of April, 1921, and notified the agents to that effect in writing that same month. The rent of the premises was thereafter paid up to and including April 30, 1921. Ryerson remained in possession of the premises for some time thereafter, but on June 28, 1921, had not paid the rent for any part of the term subsequent to April 30, with the exception of a payment of $100 made during the month of May. Accordingly, on June 25, 1921, the agents made a demand on Ryerson for payment of rent, notifying him that if payment was not made in full on June 27, 1921, they would be obliged to take such steps as might be necessary to recover the premises and collect the balance due. This notice was addressed to and sent to Ryerson, and Wolley's name was not mentioned therein nor was any demand made on him at that time.

On June 28, 1921, the agents entered into and upon the demised premises and repossessed the same on behalf of the plaintiff as of its former estate. On July 16, 1921, Ryerson vacated the premises. On July 26, 1921, the agents wrote Ryerson stating that their books showed a balance due from him amounting to $305.18 as of June 30, 1921, and asking him to verify this statement.

No further action was taken in the matter by either party until March 18, 1922, after the expiration of the entire term of said lease, on which date the agents brought an action in their own name against Ryerson in the Municipal Court of the City of Boston in which by trustee process they attached credits of Ryerson in the hands of the Oceanic National Bank and in the declaration set forth a claim of $305.18 for rent of the premises during May and June, 1921. No lease was mentioned in the declaration.

About a year afterward, on March 10, 1923, and while the above mentioned suit in the Municipal Court of the City of Boston against the defendant Ryerson was still pending, the present action was brought. No demand ever was made upon Wolley for the payment of any rent or for the use and occupation of the premises until the commencement of the present suit.

The first action in the Municipal Court of the City of Boston was discontinued on February 16, 1924, after the second

action had been marked on the trial list and pleas which raised the question of election had been filed by the defendants.

The plaintiff did not rent the premises in question after the defendant Ryerson vacated the same until after the expiration of the period covered by the lease.

The plaintiff asked for and the judge gave the following rulings:

"1. Upon the pleadings in the stipulation filed in the case, the plaintiff is entitled to recover.

"2. Upon the pleadings in the stipulation filed in the case, the plaintiff is entitled to recover in the sum of $1,312.18, together with interest thereon.

"3. The action of the plaintiff, by its agent, in bringing suit against the defendant, Edgar L. Ryerson . . . in no way constituted an election of remedies upon the part of the plaintiff.

"4. The fact that the plaintiff, through its agents, brought suit against the defendant Edgar L. Ryerson, as set forth in the defendants' plea in bar is no defense to this action.

"5. Under the provision of the lease the defendant was liable for the rent reserved therein, less such amount as the plaintiff actually realized from a re-rental of the premises during the term of the lease and after the time that the defendant vacated the premises.

"6. The mere fact that the plaintiff repossessed the premises described in the lease for nonpayment of the rent does not relieve the lessees from their obligation to pay the rent reserved in the lease.

"7. The mere fact that the plaintiff knew that the defendant Wolley had left the premises in April, 1921, and made no demand thereafter for the payment of the rent until the suit was brought does not prevent the plaintiff from recovering in this action.

"8. The fact that the plaintiff took possession of the premises for breach of the lease, and terminated the estate of the defendants Ryerson and Wolley is not a bar to the plaintiff's right to recover.

"9. The mere fact that the plaintiff made a demand upon the defendant Ryerson only for the payment of the rent after

the defendant Wolley vacated the premises does not prevent a recovery in this action.

"10. The fact that the plaintiff took possession of the premises for breach of the covenants after one of the lessees had vacated and then sued the other lessee who had remained on the premises, for rent for the time that he was in sole possession does not constitute an election of remedies, which bars this suit.

"11. There is no inconsistency in the plaintiff's position in bringing the suit against Ryerson referred to in the defendants' plea in bar."

The defendants asked for and the judge refused to give the following rulings:

"1. Judgment should be entered in favor of defendant Ryerson on his plea in bar.

"2. Judgment should be entered in favor of defendant Wolley on his plea in bar.

"3. The action of C. W. Whittier & Bro. *vs.* Edgar L. Ryerson . . . was such an election of remedies as would prevent the plaintiff from recovering in the present and subsequent action based on the lease against both defendants.

"4. The plaintiff having taken possession of the premises in question, such act would amount to a termination of any interest defendant Wolley would have in the lease and would in any event absolve him from any subsequently accruing rent.

"5. The plaintiff having taken possession of the demised premises by reason of alleged breach of the lease between the plaintiff and defendants, such taking of possession is an eviction at law even though it does not deprive the tenant of actual occupancy and plaintiff can have no recovery against either lessee subsequent to the said time of taking possession unless he actually occupied the premises subsequent thereto, and then only can recover against him as a tenant at sufferance.

"6. The action of the plaintiff in taking possession of the premises after it had received written notice that defendant Wolley had vacated the same and subsequently bringing suit against the tenant who remained in possession for rent from

April 30, 1921, up to the time of taking possession by the plaintiff, only, instead of suing both lessees under the lease will at law prevent the plaintiff from recovery against the defendant in this action.

"7. The action of the plaintiff in taking possession of the premises after it had received written notice that defendant Wolley had vacated the same, and subsequently bringing suit against the tenant who remained in possession for rent from April 30, 1921, up to the time of taking possession by the plaintiff, only, instead of suing both lessees under the lease will at law prevent the plaintiff from recovery against the defendant Edwin M. Wolley in this action."

The judge found for the plaintiff in the sum of $1,411.91. The defendants alleged exceptions.

The case was submitted on briefs.

*J. F. Neal & E. C. Barringer,* for the defendants.

*J. G. Bryer,* for the plaintiff.

WAIT, J.   This action is brought on a covenant contained in a lease of certain premises from the plaintiff to the defendants.   It is not an action for rent or for payment for use and occupation by a tenant, but an action to recover an amount agreed to be paid upon the happening of certain events which have occurred.

The plaintiff, after the termination of the tenancy, before the end of the term prescribed in the lease, could have permitted any one to occupy and could have maintained actions to collect any amounts due from such person either as rent or payment for use and occupation without prejudicing its right to recover upon the covenant made by the defendants.

The actions against Ryerson were not based upon the covenant here sought to be enforced, and do not constitute any election of remedy which bars the present action.   See *Dalton* v. *American Ammonia Co.* 236 Mass. 105.

Under the decision in *Woodbury* v. *Sparrell Print,* 187 Mass. 426, 431, the action could not be brought until after the expiration of the full term written in the lease.   The plaintiff can recover on its second count.

The rulings and finding by the trial judge were right.

*Exceptions overruled.*