HIGHLAND TRUST COMPANY vs. SOLOMON SLOTNICK.

Suffolk.    November 7, 1933. — January 5, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Trustee Process. Landlord and Tenant*, Tenant's liability for rent, Termination of tenancy. *Mortgage*, Of real estate: foreclosure.

Where the monthly rent under a lease was payable in advance on a certain day, the lessee had the whole of that day until midnight to make payment, and during that day the rent was not due to the lessor "absolutely and without any contingency" within the meaning of G. L. (Ter. Ed.) c. 246, § 24; consequently the lessee should not be charged as trustee of the lessor in an action against the lessor, in which the writ was served on the lessee as alleged trustee on the rent day and before he had paid the rent to the lessor: the service of the writ on the lessee was premature.

Rent under a lease was due monthly in advance on the first day of the month. On the fourth day of a certain month, the mortgagee under a mortgage given prior to the making of the lease entered to foreclose the mortgage, and demanded that the lessee pay rent to him for use and occupation of the premises. *Held*, that

(1) The entry and the demand made by the mortgagee upon the lessee were equivalent to an eviction and terminated the tenancy created by the lease;

(2) The monthly rent payable under the lease being indivisible, the lessor, upon such termination of the lease, lost his right to require payment of the rent for the month in question;

(3) The lessor was not entitled, under G. L. (Ter. Ed.) c. 186, § 8, to payment of the rent for the period from the first of that month until the time on the fourth day when the mortgagee entered: such an entry was not a "contingency" upon which the lessor's estate was "determinable" within the meaning of the statute, and the statute was not applicable;

(4) The lessor could not recover against the lessee for his use and occupation of the premises for said four days because there could be no implied obligation to pay rent for a period during which there was an existing express contract of the parties providing for the payment of rent.

In trustee process, the plaintiff's rights against the trustee are no greater than those which the defendant would have had against the trustee but for such process, and the trustee as against the plaintiff may avail himself of any defence which would have been open to him in proceedings against him by the defendant.

CONTRACT. Writ in trustee process in the Municipal Court of the City of Boston dated April 1, 1932.

A motion by the plaintiff to charge William Endicott Clapp as trustee and a motion by Clapp that he be discharged as trustee were heard in the Municipal Court by *Duff*, J., who allowed the plaintiff's motion and denied Clapp's motion. Upon a report to the Appellate Division, it was ordered that Clapp be discharged as trustee. The plaintiff appealed.

*G. Cohen*, for the plaintiff.

*C. A. Warren*, (*N. R. Voorhis* with him,) for William Endicott Clapp.

DONAHUE, J. The plaintiff, by trustee writ, brought an action in the Municipal Court of the City of Boston against the defendant Slotnick in which various tenants of Slotnick were summoned as trustees. After a hearing on the motion of the plaintiff to charge William Endicott Clapp, one of the trustees summoned under the writ, on his answer, the trial judge found that he was chargeable. The action was ripe for judgment against the principal defendant and, all parties having agreed that the liability of the other trustees should be determined in accordance with the decision of the court with respect to the liability of Clapp, the judge reported his rulings on requests filed by the trustee to the Appellate Division, where the order was entered, "Trustee Clapp discharged"; and the plaintiff has appealed.

The trustee Clapp, when served with the trustee process issued on the plaintiff's writ, was in possession of a suite of rooms in an apartment house under a lease from the principal defendant, by the terms of which the rent was payable in advance on the first day of every month. The trustee process was served on Clapp on April 1, 1932, before the rent payable under the lease on that day had been paid by him to his landlord. Three days later the holder of a mortgage on the premises which was given prior to the lease made an entry in accordance with the provisions of G. L. (Ter. Ed.) c. 244, § 1, for the purpose of foreclosing the mortgage for breach of its conditions, and thereafter a certificate of the entry was filed in the registry of deeds.

Upon making the entry the mortgagee demanded that the tenant Clapp pay to it rent for the use and occupation of the rooms occupied by him. The tenant recognized the paramount title of the mortgagee and paid rent to it for the use and occupation of the premises for the remainder of the month of April and for many months thereafter.

Under the statute authorizing attachment by trustee process, "Money or any other thing due to the defendant absolutely and without any contingency may be so attached before it has become payable." G. L. (Ter. Ed.) c. 246, § 24. It is settled in this Commonwealth that where rent under a lease is payable on a particular day, the tenant has the whole of that day up to midnight to make payment. *Smith* v. *Shepard*, 15 Pick. 147, 150. *Dexter* v. *Phillips*, 121 Mass. 178, 180. *Hammond* v. *Thompson*, 168 Mass. 531, 533. Contingencies may occur on the rent day which would free such a tenant from the obligation to pay the rent which by the terms of the lease was made payable on that day. For instance, "An eviction upon the rent day would have discharged the lessee, as the right to the rent in advance would have perished simultaneously with the termination of the leasehold." *Hall* v. *Middleby*, 197 Mass. 485, 489. The trustee attachment was made in the present case at a time when the payment of the rent had not become, and would not until midnight of the day of the service become, a fixed obligation which without any contingency was due. The rent at the time service was made on Clapp could not have been demanded as of right by the landlord and therefore, since it was not due "absolutely and without any contingency," was not attachable in trustee process by the landlord's creditor, the plaintiff, until the whole of that day had passed. *Wood* v. *Partridge*, 11 Mass. 488, 493. The service of trustee process on Clapp was premature.

Independently of the matter of premature service, the trustee could not rightly be charged on his answer. The entry by the mortgagee under a title paramount to that of the landlord with the demand that the tenant thereafter pay rent to the mortgagee was, in its effect upon the

tenant's liability under the lease to pay rent to the land-lord, equivalent to an eviction and terminated the tenancy created by the lease. *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 29, 34, and cases cited. *Smith* v. *Shepard,* 15 Pick. 147. The rent payable monthly in advance under the lease was indivisible and not subject to apportionment, and the termination of the lease put an end to the right which the landlord, prior to the entry, had under the terms of the lease to require the payment of rent for the month of April. *Smith* v. *Shepard,* 15 Pick. 147. *Fillebrown* v. *Hoar,* 124 Mass. 580, 583. *Sutton* v. *Goodman,* 194 Mass. 389, 395. *Hall* v. *Middleby,* 197 Mass. 485, 489. See also *Hammond* v. *Thompson,* 168 Mass. 531; *Caruso* v. *Shelit,* 282 Mass. 196, 199; *Welch* v. *Gordon,* 284 Mass. 485. The plaintiff, who by trustee process seeks to enforce obligations of the tenant to the plaintiff's debtor, the landlord, cannot revive the right to collect rent under the lease for the month of April which the landlord lost upon the entry of the mortgagee and the attornment of the tenant.

The plaintiff, however, contends that in any event the trustee must be charged for rent for the period from the first of the month until the time on April 4 when the mortgagee entered and took possession. In making this contention the plaintiff relies on § 8 of G. L. (Ter. Ed.) c. 186, which provides in substance that if the lessor's estate is "determinable on a life or on a contingency, and such estate determines before the end of a period for which rent is payable" or if the estate of the tenant "is determined before the end of such period by surrender, either express or by operation of law, by notice to quit for non-payment of rent, or by the death of any party," the landlord "may recover in contract, a proportional part of such rent according to the portion of the last period for which such rent was accruing which had expired at such determination." It is settled that the "contingency" on which the estate of the landlord is determinable, referred to in the statute, does not include an entry by a mortgagee to fore-close for breach of the conditions of a mortgage. *Adams*

v. *Bigelow,* 128 Mass. 365. *Withington* v. *Nichols,* 187 Mass. 575. *Gorin* v. *Stroum,* 288 Mass. 6. None of the stated conditions which permit the application of the statute appear in the present case. The plaintiff cites in this connection *Sutton* v. *Goodman,* 194 Mass. 389, but in that case, where it was held that the statute did not apply, the lease by its terms became "null and void at the . . . [lessor's] option, upon the failure by the lessee to pay any . . . of the monthly payments of rent when due" (page 394), and the tenant thereafter remained in occupation until ejected upon an execution issued after judgment for the landlord on summary process. R. L. c. 181 (G. L. [Ter. Ed.] c. 239). The plaintiff's rights against the trustee Clapp are no greater than the rights of the landlord, and any defence is here open to Clapp which would avail him if he were sued by the landlord on a claim for rent based on his occupancy of the premises from April 1 to April 4. *Whipple* v. *Robbins,* 97 Mass. 107, 109. *Burnham* v. *Haskell,* 213 Mass. 386. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 233 Mass. 32, 36. During that period the tenancy of the trustee and his obligation to pay rent were only such as the written lease created. Nothing had happened up to April 4 which changed in any way the character of the relationship or the mutual obligations there expressed. · The landlord could not recover against the tenant for his use and occupation of the premises for those few days since that was manifestly use and occupation under the contract expressed in the written lease. There can be no implied obligation to pay rent for a period during which there was an existing express contract of the parties providing for the payment of rent. *Barry* v. *Ryan,* 4 Gray, 523, 526. *Nicholson* v. *Munigle,* 6 Allen, 215. *Brooks* v. *Allen,* 146 Mass. 201. *Gorin* v. *Stroum,* 288 Mass. 6. Even if seasonable service had been made, since the landlord could not recover rent for the four days in question, the plaintiff is not entitled to charge the trustee for the amount of such rent. The Appellate Division properly ordered the entry "Trustee Clapp discharged."

*Order for the discharge of the trustee affirmed.*