## S. G. Moskow *vs.* Jacob Fine.

Suffolk.    November 13, 1934. — October 30, 1935.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Lummus, JJ.

*Landlord and Tenant,* Termination of tenancy, Rent, Existence of rela-
   tion.  *Mortgage,* Of real estate: foreclosure.  *Res Judicata.  Assign-
   ment.  Practice, Civil,* Appellate Division: appeal.

An appeal from an order of the Appellate Division of a district court
   brings up the rulings of the trial judge as reported and the action of
   the Appellate Division thereon.
A lease was terminated by entry to foreclose a mortgage antedating it
   and demand by the mortgagee upon the lessee to pay rent thereafter
   to him; and the lease was not revived by the mortgagee's later aban-
   donment of possession.
After termination of a lease with rent payable monthly in advance, by
   an entry under title paramount to that of the lessor during a rent
   month, the lessor could recover neither rent nor for use and occupation
   for any part of that month.
A covenant by a lessee to continue payment of rent though, for his de-
   fault, the lessor should enter to terminate the lease, does not avail the
   lessor if the lease has been terminated, not by the lessor, but by entry
   under title paramount to that of the lessor.
After termination of a lease during a certain month by entry to fore-
   close a prior mortgage, permission by the mortgagee to the former
   lessee to pay rent for that month to the former lessor would not sup-
   port an action for that rent brought by the former lessor.
If, after termination of a lease during a rent month by entry to fore-
   close a prior mortgage, and attornment of the former lessee to the
   mortgagee, the mortgagee assigned to the former lessor his claim for
   occupancy of the premises by the former lessee during the part of the
   month after the termination, and the assignee recovered judgment on
   the claim, the judgment established as *res judicata* the termination
   and the fact that the former lessee was a tenant of the mortgagee
   thereafter, and was a bar to an action by the former lessor against the
   former lessee for rent or for use and occupation for that entire month.

Contract.    Writ in the Municipal Court of the City of
Boston dated June 5, 1933.

The action was heard in the Municipal Court by *Mur-
ray,* J., who found for the plaintiff in the sum of $85.    On

report to the Appellate Division, judgment was ordered entered for the defendant. The plaintiff appealed.

*A. Moskow,* for the plaintiff.

*A. I. Fine,* for the defendant.

RUGG, C.J. This is an action of contract. The declaration contained three counts, but the claim alleged in count 2 has been waived. The other counts are for the same cause of action, one being to recover under a lease of an apartment $85 as rent for one month due on May 1, 1933, and the other to recover the same sum for use and occupation of the apartment for the same period. The case was tried upon an agreed statement of facts in substance as follows: The defendant signed the lease upon which count 1 is based and took possession of the apartment. He occupied it until June 14, 1933, when he moved out. The rent was payable in advance on the first day of each month. Notice to terminate the lease on May 31, 1933, was given by the defendant; the sufficiency of the notice is not assailed; he paid no rent to the plaintiff for May or June, 1933. On May 23, 1933, the mortgagee of the premises made entry for the purpose of foreclosing his mortgage, which antedated the lease, and made demand on the defendant for payment of rent for use and occupation from that time on. The defendant consented to pay the mortgagee rent from May 23, 1933. The defendant has not paid to the mortgagee rent for the amount involved in this action for May, 1933, or for any part of June, 1933. On June 1, 1933, the defendant told the attorney for the plaintiff that he would pay the plaintiff rent for May, 1933, if the mortgagee would write him a letter that he might do so, and on the same day a letter from the mortgagee directing the payment of back rent to the plaintiff's attorney was received by the defendant, but he has not paid such rent. On July 7, 1933, the mortgagee recorded in the registry of deeds a formal release of possession and delivered to the plaintiff an assignment under seal of all his claims for rent due from the defendant by reason of his occupancy of the apartment. When this case was first tried, another action between the same parties was tried with it. The declaration in that action

contained two counts, one to recover rent for the apartment for the period between June 1 and June 15, 1933, due the plaintiff by virtue of the assignment from the mortgagee, and the other to recover for the use and occupation of the same apartment from May 23, 1933, to June 15, 1933, both counts being for the same cause of action. In that action the defendant admitted liability for the latter period and there was a finding for the plaintiff for $62.20, the amount due for the entire period at the rate of $85 a month, that being the rent reserved in the lease. Requests by the defendant for rulings at the trial now under review were all denied except one applicable to count 3 to the effect that liability "for use and occupation does not exist where the relationship between a landlord and tenant is that of lessor and lessee." The finding in the present case was for the plaintiff for $85. The Appellate Division reversed that finding. The plaintiff appealed.

The appeal brings before this court rulings of law made by the trial judge and reported by him and the action of the Appellate Division thereon. G. L. (Ter. Ed.) c. 231, §§ 108, 109. *Woodman* v. *Haynes,* 289 Mass. 114, 116.

It was said in *Highland Trust Co.* v. *Slotnick,* 289 Mass. 119, 121–122, 123: "The entry by the mortgagee under a title paramount to that of the landlord with the demand that the tenant thereafter pay rent to the mortgagee was, in its effect upon the tenant's liability under the lease to pay rent to the landlord, equivalent to an eviction and terminated the tenancy created by the lease. *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 29, 34, and cases cited. *Smith* v. *Shepard,* 15 Pick. 147. The rent payable monthly in advance under the lease was indivisible and not subject to apportionment, and the termination of the lease put an end to the right which the landlord, prior to the entry, had under the terms of the lease to require the payment of rent for the month of April. *Smith* v. *Shepard,* 15 Pick. 147. *Fillebrown* v. *Hoar,* 124 Mass. 580, 583. *Sutton* v. *Goodman,* 194 Mass. 389, 395. *Hall* v. *Middleby,* 197 Mass. 485, 489. See also *Hammond* v. *Thompson,* 168 Mass. 531; *Caruso* v. *Shelit,* 282 Mass. 196, 199; *Welch* v.

*Gordon*, 284 Mass. 485. . . . The landlord could not recover against the tenant for his use and occupation of the premises for those few days since that was manifestly use and occupation under the contract expressed in the written lease. There can be no implied obligation to pay rent for a period during which there was an existing express contract of the parties providing for the payment of rent. *Barry* v. *Ryan*, 4 Gray, 523, 526. *Nicholson* v. *Munigle*, 6 Allen, 215. *Brooks* v. *Allen*, 146 Mass. 201. *Gorin* v. *Stroum*, 288 Mass. 6." It is plain under this decision and the authorities there collected that the plaintiff has lost the right to recover the rent for the month of May on either count in her declaration. The relation of landlord and tenant between the plaintiff and the defendant came to an end on May 23, 1933, when the mortgagee entered to foreclose the mortgage and demanded rent of the defendant and the defendant acknowledged that superior title. The plaintiff thereby had broken her covenant with the defendant for quiet enjoyment. There are elements in the case at bar lacking in *Connolly* v. *Kilcourse*, 285 Mass. 398.

The plaintiff relies upon a clause in the lease of this tenor: "PROVIDED ALWAYS, and these presents are upon this CONDITION that in case of a breach of any of the covenants to be observed on the part of the lease [lessee], or in case the estate hereby created shall be taken from the lessee, or from his representatives by process of law, by proceedings in bankruptcy or insolvency or otherwise, the lessor, her agents or her heirs, or assigns may, while the default or neglect continues, or at any time after such taking by process of law, and notwithstanding any license or waiver of any prior breach of condition, without any notice or demand enter upon the leased premises and expel and remove, forcibly if necessary, the lessee, and those claiming under him and their effects without being taken or deemed guilty of any manner of trespass and thereby determine the estate hereby created but without prejudice to any rights or remedies hereunder; it being agreed that the monthly payments as above covenanted, either as rent or otherwise, shall in no event be impaired or discharged

and such payments as aforesaid shall become due and payable every month during the full lease month during the full lease term as above stipulated, irrespective of any prior ejectment of lessee by lessor or termination of this lease for breach of condition by lessee." The context shows that those provisions were inserted to protect the lessor against default by the lessee. They have no application to a case like the present, where they are invoked to relieve the lessor from her failure to protect the lessee from a paramount title. This is made clear by the portion of the final clause, which declares that the rent shall continue "irrespective of any prior ejectment of lessee by lessor or termination of this lease for breach of condition by lessee." These words do not cover an entry under a paramount title. They are correlative to the earlier clause that the rent "shall in no event be impaired or discharged," and they delimit its broad implication. *Louis K. Liggett Co.* v. *Wilson*, 224 Mass. 456, 458–459. *Merchants National Bank* v. *Ryerson*, 251 Mass. 314, 319. *Weeks* v. *International Trust Co.* 125 Fed. Rep. (C. C. A.) 370, 375–376. *Providence Building Co.* v. *Atlantic National Bank*, 228 Fed. Rep. 814, 815.

The letter of June 1, 1933, from the mortgagee to the defendant, authorizing the payment of the claimed rent to the plaintiff, will not support the present action. The relation of landlord and tenant between the plaintiff and the defendant had come to an end on May 23, 1933. The mortgagee had no claim for full rent for the month of May. The abandonment of possession by the mortgagee on July 7, 1933, will not support the present action. These events occurred after the termination of the tenancy. They are not adequate to recreate a tenancy which had ended. The existence of a tenancy is essential to the recovery of rent. The plaintiff does not rely in her declaration upon the letter of June 1, or upon the release of possession by the mortgagee as an independent cause of action. The plaintiff was in no event restored to her position as landlord, which on May 23, 1933, had ceased altogether and not merely been suspended. The adequacy of consideration for any promise made by the

defendant in all the circumstances may well be open to doubt. 1 Williston on Contracts, § 115. In view of all the facts here disclosed, there is nothing in the decision in *Adams* v. *Bigelow,* 128 Mass. 365, which requires recovery by the plaintiff.

The plaintiff contends that the agreed facts establish waiver by the defendant of his claim for suspension of rent during May, 1933, by agreeing to pay the plaintiff that rent if the mortgagee would write him a letter authorizing him to do so, and by the letter of the mortgagee to that effect of June 1, 1933. If it be assumed in favor of the plaintiff that that point is open, it does not enable the plaintiff to recover. The plaintiff, having taken from the mortgagee on July 7, 1933, an assignment of all moneys and rent due from the defendant by reason of his occupancy of the apartment, brought an action based on that assignment against the defendant and recovered judgment for the amount due from May 23 to June 15, 1933. That was an adjudication, binding upon the plaintiff for the purposes of the present action, that the defendant was tenant of the mortgagee between those dates. Hence, there can be no recovery in the present action, which is based on a tenancy between the plaintiff and the defendant during the month of May, 1933. The question of the tenancy after May 23, 1933, was *res judicata* between the parties even though the plaintiff in that action sued as assignee. *Flint* v. *Bodge,* 10 Allen, 128. See *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 571. By assignment the claim became the property of the assignee and she could bring action on it in her own name. G. L. (Ter. Ed.) c. 231, § 5. *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 311. It is obvious that that judgment bars recovery for the entire month of May in the case at bar on either count. *Franklin* v. *North Weymouth Cooperative Bank,* 283 Mass. 275, 280.

The finding cannot be scaled down. The defendant at no time agreed to pay rent to the plaintiff for less than the full month of May. There can be no recovery on the first count, which was on the lease, because the lease was terminated during that month. There can be no recovery

for use and occupation where the occupation presumably was under the lease. *Highland Trust Co.* v. *Slotnick*, 289 Mass. 119, 123. There can be no recovery for use and occupation for the full month based on the subsequent agreement, because the recovery in the action on the assignment was an adjudication that no relation of landlord and tenant existed between the plaintiff and the defendant after May 23, 1933. *Central Mills Co.* v. *Hart*, 124 Mass. 123, 125. Apportionment is not permissible in order to give recovery for the first twenty-three days of May, because the promise of the defendant was to pay for the full month. *Fuller* v. *Swett*, 6 Allen, 219. In any event, the plaintiff cannot recover in this action after recovery of judgment based on the assignment. *Warren* v. *Comings*, 6 Cush. 103. *Canning* v. *Shippee*, 246 Mass. 338, 339.

*Order of judgment for defendant affirmed.*