No. 2849 Northern Middlesex, ss.

DAVIS (Shaughnessy & Shaughnessy)
v. McKENZIE (Frederick R. Walsh)

From the District Court of Central Middlesex—Caiger, J.

Argued March 24, 1941—Opinion Filed May 7, 1941.

PETTINGELL, A.P.J. (Wilson, & Henchey, JJ.)—Action of contract to recover rent due under a lease. The answer is a general denial and payment, with a further answer of eviction and interference with the quiet enjoyment of the demised premises. There was a finding for the plaintiff.

The error alleged is the denial of nine rulings requested by the defendant. Eight of these were denied as contrary to facts found by the trial judge. One, the second, was denied because the trial judge found that there had been a breach of the lease by the defendant which warranted eviction proceedings by the plaintiff.

The trial judge made a long and full statement of facts found by him. A summary of these is as follows:

The plaintiff leased to the defendant certain premises including the furnishings of the house, the lessee to take house and furnishings as he found them, and the lessor to make no repairs, except as to one specified item. For two years everything went satisfactorily. The defendant, however, did not pay the 1940 rent on time. Payments of $100 each were due on May 1, 1940; June 1, 1940, and July 1, 1940, and a payment of $75 was due August 1, 1940. No payment was made in 1940 until about July 4, when the defendant paid $100; nothing further was paid. The defendant left the premises

July 18, 1940, returning only to remove his property. The plaintiff then terminated the tenancy by a notice to quit, and eviction proceedings. The trial judge considered the four contentions of the defendant as to constructive eviction in detail, finding facts in each case which were adverse to the defendant's contentions.

The most significant finding of the trial judge is that the lessor terminated the tenancy by a notice to quit and eviction proceedings, and this, in our opinion, is determinative of the case. The lease which created the tenancy was to run for three years, and the rent is therein described as "Three Hundred Seventy-Five Dollars per annum." That the parties had in mind a yearly tenancy is further shown by the provision for the payment of the rent in four instalments in the early part of each annual period. By the terms of the lease, payment of the entire yearly rent was to be complete on the first day of August, but the annual term was not to expire until the April 30 following. In other words, the rent was payable in four instalments in advance which had no relation to any corresponding divisions of time. Eviction of a tenant terminates the tenancy and the right of the landlord to collect rent in accordance with the lease. We are here considering not a constructive eviction as contended for by the defendant, which the trial judge found as fact had not happened, but an actual eviction by notice to quit and legal proceedings to recover possession, which terminated in a judgment for the plaintiff, August 23, 1940.

At the time of this eviction there was due the plaintiff as rent under the lease a balance of two hundred and seventy-five dollars, the amount sued for in this action. This represented rent for the period up to May 1, 1941, the balance of the rent in advance for the entire year contemplated by the lease.

See *Hall* v. *Middleby,* 197 Mass. 485. See also *Smith* v. *Shepart,* 15 Pick. 147, at 150, where the principle involved was stated by Shaw, C.J., as follows:

"The enjoyment of the land is the consideration for the payment of rent, and when the prospective enjoyment of the estate was taken away, the obligation to make the prospective payment ceased."

The rent in this case, payable in June, July and August, was not rent for the use of the premises during those months only, but was rent for the entire year's use, up to May 1 of the following year. By making impossible any use of the premises after August 24, the landlord extinguished also his right to collect further rent. *Hall* v. *Middleby* has been followed in several later cases. See *Caruso* v. *Shelit,* 282 Mass. 196, at 199. See also *Moscow* v. *Fine,* 292 Mass. 233. See, also, *Sutton* v. *Goodman,* 194 Mass. 389, at 394, 395, *Highland Trust Co.* v. *Slotnick,* 289 Mass. 119, at 121.

The seventh and eighth rulings requested by the defendant

[ 15 ]

were based upon the effect of an eviction upon the tenant's liability to pay rent. The trial judge denied these requests as contrary to the facts found by him. An examination of his very .full and detailed "Finding of Fact" made by him discloses that they were contrary to the facts found by him as to the constructive eviction contended for by the defendant. They were not, however, contrary to the further fact, also found by him, of an actual eviction. It is apparent that he did not consider the actual eviction material or of importance. In this he was mistaken. The rulings in question should have been given, and their denial was prejudicial error.

Inasmuch as the proper application of the rulings denied would have required a finding for the defendant, the finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.