Pettingell, A. P. J.
Action of contract to recover rent due under a lease. The answer is a general denial and payment, With a further answer of eviction and interference with the quiet enjoyment of the demised premises. There was a finding for the plaintiff. The report does not state that it contains all the evidence material to the questions reported.
The error alleged is the denial of nine rulings requested by the defendant. Eight of these were denied as contrary to facts found by the trial judge. One, the second, was denied because the trial judge found that there had been a breach of the lease by the defendant which warranted eviction proceedings by the plaintiff.
The trial judge made a long and full statement of facts found by him. A summary of these is as follows:
*194 The plaintiff leased to the defendant certain premises including the furnishings of the house, the lessee to take house and furnishings as he found them, and the lessor to make no repairs, except as to one specified item. For two years everything went satisfactorily. The defendant, however, did not pay the 1940 rent on time. Payments of $100 each were due on May 1, 1940, June 1, 1940 and July 1, 1940, and a payment of $75.00 was due August 1, 1940. No payment was made in 1940 until about July 4th, when the defendant paid $100; nothing further was paid. The defendant left the premises July 18, 1940, returning only to remove his property. The plaintiff then terminated the tenancy by a notice to quit, and eviction proceedings.
The trial judge considered the four contentions of the defendant as to constructive eviction in detail finding facts in each case which were adverse to the defendant’s contentions.
The most significant finding of the trial judge is that the lessor terminated the tenancy by a notice to quit and eviction proceedings, and this, in our opinion, is determinative of the case. The lease which created the tenancy was to run for three years, and the rent is therein described as “three hundred seventy-five dollars per annum”. That the parties had in mind a yearly tenancy is further shown by the provision for the payment of the rent in four installments in the early part of each annual period. By the terms of the lease, payment of the entire yearly rent was to be complete on the first day of August, but the annual term was not to expire until the April 30th following. In other words, the rent was payable in four installments in advance which had no relation to any corresponding divisions of time.
*195 Eviction of a tenant terminates the tenancy and the right of the landlord to collect rent in accordance with the lease. We are here considering, not a constructive eviction as contended for by the defendant, which the trial judge found as fact had not happened, but an actual eviction by notice to quit and legal proceedings to recover possession, which terminated in a judgment for the plaintiff, August 23, 1940.
At the time of this eviction there was due the plaintiff as rent under the lease, a balance of two hundred and seventy-five dollars, the amount sued for in this action. This represented rent for the period up to May 1, 1941, the balance of the rent in advance for the entire year contemplated by the lease.
In Hall v. Middleby, 197 Mass. 485, the tenant was obligated by the lease, to pay the landlord a month’s rent in advance on January 1, 1904, and failed so to pay. On January 4, 1904, the rent being overdue, the landlord took possession of the premises, excluding the tenant. The court said, at page 489:
“An eviction upon the rent day would have discharged the lessee, as the right to the rent in advance would have perished simultaneously with the termination of the leasehold, .... But, if not paid on that day, the monthly payments of rent could not be apportioned, and the consideration for a month’s rent, whenever payable, was intended to be the equivalent of a full month’s use of the premises .... The estate having been destroyed by the acts of the defendant shortly after the month began, the right, which would have been the lessor’s if it had not interfered, to collect the rental value of the estate as measured by the rent which was reserved in the lease and had not been paid, . . . was irrevocably lost.”
*196 The principle involved was stated by Shaw, C. J. in Smith v. Shepard, 15 Pick. 147, at 150, as follows:
“The enjoyment of the land is the consideration for the payment of rent, and when the prospective enjoyment of the estate was taken away, the obligation to make the prospective payment ceased.”
The rent in this case, payable in June, July and August was not rent for the use of the premises during those months only, but was rent for the entire year’s use, up to May 1st of the following year. By making impossible any use of the premises after August 24th, the landlord extinguished, also, his right to collect further rent.
Hall v. Middleby, has been followed in several later cases. In Caruso v. Shelit, 282 Mass. 196, the tenant was under an agreement to pay rent monthly in advance on the fifteenth of the month. On December 16th, the rent due the day before not having been paid, the premises were substantially damaged by fire. The landlord entered with contractors to make repairs and forced the tenant out. There was a finding of eviction. The court, in pointing out that the evidence warranted, also, a finding of surrender, said at page 199:
“The evidence warranted a finding for the defendant. He was a tenant at will with monthly rent days. . . . The monthly rent was indivisible. Though the rent sued for was payable in advance on December 15, 1931, if the tenancy was terminated by surrender between that date and the following rent day, such termination, under our decisions, destroyed the right which the plaintiff ‘previously had to require the payment of the rent for that month ... as to the whole amount of the rent.’ ”
In Moskow v. Fine, 292 Mass. 233, the rent was payable monthly in advance on the first day of each month. The *197 rent due May 1st was not paid. On May 23rd, the mortgagee of the premises entered for the purpose of foreclosing his mortgage. The court held that the rent payable in advance was indivisible, and that, the tenancy having been terminated by eviction during the month, no rent w!as due from the tenant.
See, also, Sutton v. Goodman, 194 Mass. 389, at 394, 395, Highland Trust Co. v. Slotnick, 289 Mass. 119, at 121.
Hhe plaintiff in this case chose to terminate the lease and to end the tenancy thus making it impossible for him to give to the defendant the quiet enjoyment of the premises in return for which the defendant was to pay rent. The lease contemplated payment in advance for a year’s occupation. The rent for the year was indivisible. The fact that it was payable in four installments at the beginning of the year did not make it divisible because it is apparent that the installments had no relation in amount to any possible subdivision of the year.
By terminating the lease and ending the tenancy, the defendant terminated also his right to collect any rent for the rent period in which he terminated it.
The seventh and eighth rulings requested by the defendant were based upon the effect of an eviction upon the tenant’s liability to pay rent. The trial judge denied these requests as contrary to the facts found by him. An examination of his very full and detailed “FINDING OF FACT”, made by him discloses that they were contrary to the facts found by him as to the constructive eviction contended for by the defendant. They were not, however, contrary to the further fact, also found by him, of an actual eviction. It is apparent that he did not consider the actual eviction material or of importance. In this he was mis *198 taken. The rulings in question should have been given, and their denial was prejudicial error.
Inasmuch as the proper application of the rulings denied would have required a finding for the defendant, the finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.