Carr, J.
This is an action of contract in which the plaintiffs have declared for rent under a lease for the months of September, October, November and December, 1939, and for a part of the month of January, 1940.
The plaintiffs were the lessors to the defendant of an apartment in Allston under a written lease for a term of fourteen ¡months beginning the first day of July, 1939', rent being payable in advance on the first day of every month.
On July 21, 1939, the plaintiffs in writing gave notice to the defendant to quit within fourteen days on the ground that the defendant committed a nuisance by sitting on the outside steps continually and on July 22, 1939, the plaintiffs gave the defendant a similar notice to quit. On September 2, 1939', the plaintiffs’ janitor came to the defendant’s apartment. The defendant tendered him the rent for September. The janitor refused to take it and gave *521 the defendant a written notice to quit in fourteen days on the grounds that the rent was in arrears. Rent for the preceding months had already been paid. The defendant did not quit on receiving these notices. Following the last notice “ejectment” proceedings, by which we assume that summary process is meant, were instituted in the Municipal Court for the Brighton District. On October 13,1989, judgment for possession was given. The defendant meantime moved out on October 10,1939.
The trial judge found for the defendant. The plaintiffs filed several requests for rulings all of which the judge gave as requested except those numbered 3, 4 and 6.
“3 The eviction of the lessee by the lessor does not bar recovery of rent under the indemnity clause contained in the lease.
“4 The plaintiff is entitled to recover commission paid to a broker to relet the apartment as damage and loss under the indemnity clause contained in the lease.
“6 Eyidence offered by the defendant as to sitting on the front steps is inadmissible.”
The appeal is before us by reason of the action of the judge on these three requests.
The sixth request obviously has no place in this appeal. It relates to the admission of evidence as to which no objection appears to have been taken and no rights saved. Mass. Building Finish Co. v. Brenner, 288 Mass. 481, 484.
The fourth request properly was not given. There was no evidence to show that the plaintiffs paid a commission to a broker. Norfolk County Trust Co. v. Green, 304 Mass. 406, 409.
The third request was given with the notation 16 Granted provided the eviction is for a breach of a condition of the *522 lease by the lessee”. If this restriction was too limited, it is immaterial as there was no evidence of breach of duty outside the lease. The request raised an entirely moot question, not pertinent to this action brought for rent and the plaintiffs cannot complain if they got a ruling too favorable to the action as stated by them.
After a lease is determined no more rent as such accrues. Bordman v. Osborn, 23 Pick. 295, 299, Sutton v. Goodman, 194 Mass. 389, 395. We are not now considering the proportionate part of the rent which a landlord may recover if within the terms of Gen. Laws, (Ter Ed.) Ch. 186, sec. 8.
The plaintiffs’ rights, if they have any, (subject to the provisions of said section 8) are on their covenant of indemnity. Merchants National Bank v. Ryerson, 251 Mass. 314, cf. Zevitas v. Adams, 276 Mass. 307, 316, 317.
An action for rent is quite different from an action on an indemnity covenant. So long as the leased estate continues the lessor may rely on the defendant’s agreement to pay rent without making any effort to mitigate damages. When his action is on the indemnity covenant the lessor has the duty to attempt to mitigate damages. Fifty Associates v. Berger Dry Goods Co., Inc., 275 Mass. 509, 514, Towle v. Commissioner of Banks, 246 Mass. 161, 167.
There is no request for ruling before us covering the right of the plaintiffs under this declaration for rent to recover a proportionate part of such rent up to the time the lease was determined. The question was not called to the attention of the trial judge; if such a request for ruling had been presented to him, on the record before us he would have been justified in denying it.
The common law rule that rent cannot be apportioned applies unless a tenancy is determined in the ways describ *523 ed under the provisions of Gen. Laws, chapter 186, section 8. Rainault v. Evarts, 296 Mass. 590, 597. In the pending case three notices to quit were given. The ground for determining the estate in the first two was the creation of a nuisance by sitting on the steps and only in the third was a cause for determination recognized by said section 8 stated, namely by notice to quit for non-payment of rent. If the adjudication in the summary process proceedings in the Brighton Court were based on such notice to quit, we assume that the judgment would be res judicata of the issue before us. But to determine this question it would be necessary to have evidence to show what was tried or determined in Brighton. White v. Chase, 128 Mass. 158.
For all that appears in the report the case in Brighton may never have been tried and the judgment may have been entered on default and on an allegation of notice to quit for sitting on the steps. Apparently the plaintiffs believed this to be an adequate ground for determining the lease otherwise they would not have given two notices based on it. We have, therefore, nothing to show that the plaintiffs have brought themselves within the provisions of said section 8 to entitle them to recover a proportionate part of the rent.
In their brief, the plaintiffs refer to Gen. Laws, (Ter. Ed.) Chap. 139, sec. 19 and to Chap. 143, sec. 23. We are left to infer what conclusion they draw from the reference. It is enough for us to say that the evidence which warranted a finding that the defendant sat on the doorsteps with his own wife and the wife of the male plaintiff (being also a party plaintiff) in no ways leads to the conclusion that the apartment leased to the defendant was used for *524 prostitution or the sale of liquor or that the defendant was permitting any article to remain on the stairway to impede egress. It is fair to the plaintiffs to assume that they do not put forth such argument seriously.
Report Dismissed.